## BILL ARNOLD v. THE STATE.

### No. 3099.    Decided February 8, 1905.

**Local Option—Variance.**

Where the information alleged that the defendant unlawfully sold intoxicating liquor to S., and the proof showed that M. paid for the liquor, the variance is fatal, although the fact appeared that S. drank some of the liquor.

Appeal from the County Court of Denton. Tried below before Hon. I. D. Ferguson.

Appeal from a conviction of a violation of the local option law.

The opinion states the case.

*S. M. Bradley* and *R. H. Bates.*

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $30 and thirty days confinement in the county jail.

Appellant was charged with the sale of whisky to C. V. Shufford. Prosecutor testified that he knew defendant well; that he and one Morton went into appellant's place of business, and called for cider; appellant set out whisky for both, witness and Morton; after each took a drink of the whisky, Morton paid for it. Prosecutor Shufford swears he did not pay for any of the whisky. The substance of this statement, as well as the other facts in the record, show that the whisky was sold to Morton and not to Shufford. The mere fact that Shufford drank some of the whisky would not make it a sale to Shufford, but the sale would be to Morton as he paid for it. Hence, there is a fatal variance

between the allegations in the information and the proof. We do not deem it necessary to discuss the other questions. For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Davidson, Presiding Judge, absent.