## J. F. O'SHENNESSEY v. THE STATE.

### No. 3241. Decided April 18, 1906.

**1.—Local Option—Charge of Court—Indictment.**

Where in a local option case the indictment charged the sale to have been made to two persons, it was error to charge that a conviction was authorized upon a sale to one of the persons named in the indictment.

**2.—Same—Sale—Gift—Refused Charge.**

Where on a trial for a violation of the local option law there arose a question from the evidence whether the transaction was a sale or gift, the court should have submitted a requested charge that if the defendant and the parties intended the same as a gift he should be acquitted.

**3.—Same—Evidence—Empty Bottles—Farther Transactions.**

On a trial of a local option case the State's witnesses had identified the transaction charged in the indictment, and that the stuff they drank was beer, at least had Budweiser labels on the bottles and was intoxicating, it was error to permit the State that subsequent to the arrest of defendant, the State's witness went into the back room of defendant's place and there found several barrels of empty beer bottles with the Budweiser labels, and that some one afterwards removed two barrels of beer from said place.

Appeal from the County Court of Bell. Tried below before Hon. W. R. Butler.

Appeal from a conviction of a violation of the local option law; penalty, $60 and fifty days imprisonment in the county jail.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law. The indictment charged the sale to have been made to Will Houston and Walter Griggs. The court authorized a conviction alone upon a sale to Griggs. To this charge exception was reserved. We believe this exception is well taken. The sale charged was to the two parties; the limitation in the charge was as to a sale to one. This is not the transaction averred.

A question arose as to whether it was a sale or a gift. Griggs testified: "That he did not pay for the beer, nor had he paid for it at the time of the trial. He further states that at the time it was handed out to me I considered from what defendant said he was giving it to me. If I had not, I would have paid for it." The court submitted this issue in a general way, but appellant asked a more specific charge to the effect that: "If at the time of the delivery; if any, of the alleged beer, it was the understanding of the parties, or of the defendant, that he was giving the beer to the witnesses, then he should be acquitted, that he would not be guilty of a sale." Upon another trial we believe that this issue should be more specifically stated as in the special charge.

After Griggs had testified in substance that he had gone into the place of business where appellant was working on the 7th of October, to take a drink in company with others, and asked for Ino, defendant handed out to him and his companion, five bottles of beer, which they drank; and after Houston had testified substantially as did witness Griggs, and after two other witnesses had testified that the liquor they drank was Budweiser beer, at least had Budweiser labels on the bottles, and was intoxicating, Blair (one of the last named witnesses) was permitted to state that subsequent to the arrest of defendant he went into the back room and found in said back room several barrels of empty beer bottles. All of the bottles examined had on them the Budweiser label. Several exceptions were reserved to this testimony. We believe these exceptions are well taken. This could shed no light on the transaction as to whether the transfer of the five bottles was a gift or sale; nor could it tend to prove that the contents of the bottles that were given or sold Griggs and Houston were intoxicating. The fact that appellant may have had empty beer bottles in the back of his house could not illustrate any question on the trial of this case.

The same observations may be made to the further answer of Blair that after he left appellant at the justice's court, he went back to the house where appellant had been arrested, and found that somebody had removed two barrels of beer that had just been opened, and all the other beer in the house. What somebody else may have done in the defendant's absence, certainly could not bind him. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, absent.