### J. L. TIPPIT v. THE STATE.

#### No. 4032. Decided March 11, 1908.

**1.—Local Option—Charge of Court—Sale.**

Where upon trial for a violation of the local option law, the evidence raised the issue of the elements of a sale, a requested charge on this subject should have been submitted to the jury.

**2.—Same—Charge of Court—Gift.**

Where upon trial for a violation of the local option law, the evidence raised the issue of a gift, the matter should have been submitted on a proper charge, and the same should not have been complicated with the issue that the transaction was an evasion.

**3.—Same—Charge of Court—Variance.**

Where upon trial for a violation of the local option law, the evidence raised the issue that if a sale was made, that it was to a different person than the one alleged in the indictment, the court should have submitted this issue.

Appeal from the County Court of Haskell. Tried below before the Hon. Joe Irby.

Appeal from a conviction of a violation of the local option law; penalty a fine of $100, and twenty days confinement in the county jail.

The opinion states the case.

*W. H. Murchison,* for appellant.—On the question of sale and gift. Lane v. State, 49 Texas Crim. Rep., 335; 92 S. W. Rep., 839; Oshennessy v. State, 49 Texas Crim. Rep., 600; 96 S. W. Rep., 790; Williams v. State, 45 Texas Crim. Rep., 477; 77 S. W. Rep., 215.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment charges that appellant sold one drink of whisky to Will Whitman in violation of the local option law.

Substantially as bearing upon the real issue in the case, the evidence is as follows: That on the night in question, about eleven o'clock appellant, with Robertson and Hudson, were in Mart Lynch's pool hall, playing pool. About eleven o'clock at night they started home, and on leaving they bought and drank three bottles of frosty in said pool hall. En route home, and after passing across the public square, they went into appellant's place to get a drink of "teetotal." They called for "teetotal." Three bottles were placed upon the counter, one for each of the parties, with the necessary glasses or cups out of which to drink. The corks were drawn, and the liquor poured into the cups. Whitman, after his was poured out, and after the money was placed upon the counter, in payment for the teetotal, asked defendant if he did not have something a little stronger. Appellant then placed upon the counter a bottle of whisky, from which Whitman took a drink. When he went away he left the entire contents of the bottle of "teetotal" on the counter. He says that he paid 15 cents for the bottle of "teetotal." On cross-examination, this witness said his recollection was, that he paid 15 cents for the bottle of "teetotal," though it was possible that John Robertson paid for all three of the bottles. He said John Robertson and he talked the matter over the night previous to his testifying, and that Robertson talked to him in such a manner about it that he had become uncertain in his mind as to whether he paid for the "teetotal" or whether Robertson paid for it. That he had, in buying the three bottles at Lynch's pool hall before leaving there, asked Lynch to credit him, which Lynch did. In other words, it was charged to his account. He says, "I don't think the fact that I had the frosty charged to me at Mart Lynch's is any indication that I did not have as much as 15 cents in my pocket, though I might not have had it." This is the State's case.

Robertson testified in regard to their being at Mart Lynch's pool hall and playing pool up to the hour of eleven o'clock, and that when they went to leave, the witness Whitman ordered three bottles of frosty, gave one to the witness Robertson, and one to Hudson, and drank one himself. He did not pay for the frosty; he did not have the money, and had Mart Lynch to charge it to his account. En route home, after crossing the public square, the witness Robertson suggested that they go by appellants place and get some teetotal. The three went

to the place, and the witness Robertson ordered three bottles of "tee-total," which were set out on the counter with three tin-cups. The witness paid 45 cents for the three bottles of teetotal. Each one drank a part of the teetotal so set upon the counter. The witness Whitman asked appellant, if he did not have something a little stronger. Appel-lant got a bottle of whisky, and set it on the counter, and said, "Boys take one on me." That each witness drank from the bottle of whisky. He said, "I did not go to Will Whitman's last night, and talk with him and argue with him on the question as to whether or not he paid for the teetotal the night that we went to Tippitt's place. I told him that he did not pay for it; that I paid for it. I did not do this because I have any interest in seeing Tippitt acquitted, but because I know I paid for it." Lynch testified that the three parties mentioned played at this pool hall until eleven o'clock, when Whitman ordered three bottles of frosty, and not having money to pay for it, asked him to charge it to his ac-count, which he did. These are the facts in the case.

A charge was requested by appellant setting forth the constituent ele-ments of the sale, which was refused. Without reviewing this, we are of the opinion this matter should have been charged to the jury. The jury should have been further specifically told that, if this was a gift to Whitman, there could be no conviction. There was a charge given along this line, but it was connected with the idea that if the whisky was given as an evasion of the local option law, that appellant would be guilty. We do not believe this charge in regard to the question of evasion was called for by the facts. There was another charge re-quested, which was refused, and which we think ought to have been given, if the whisky was even bought and paid for by Robertson and not by Whitman; even if there was a sale, then under the authority of Arnold v. State, 47 Texas Crim. Rep., 556; 85 S. W. Rep., 18, it would not be a sale to Whitman, but a sale to Robertson. This charge should have been given.

For the errors indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*