## HENRY CLAY v. THE STATE.

### No. 1441.   Decided March 20, 1912.

### Rehearing Denied April 17, 1912.

**1.—Obstructing Railway Track—Indictment—Corporation—Consent.**

In a prosecution for wilfully and maliciously placing an obstruction upon a railway track whereby the lives of passengers were endangered, it is not necessary to allege that such railway company is incorporated, as the consent of said company is not involved in the offense. Distinguishing Thurmond v. State, 30 Texas Crim. App., 539.

**2.—Same—Evidence—Expert Testimony.**

Upon trial of wilfully obstructing a railway track, there was no error in permitting the locomotive engineer of said railway, who qualified himself as an expert, to testify what obstructions on said track were calculated to endanger the lives of passengers.

**3.—Same—Charge of Court—Definition of Obstruction.**

Upon trial of wilfuly obstructing the track of a railway company, it is not necessary to define what would be a legal railway company, or what is meant by an obstruction on the track; where the court properly submitted the statute.

**4.—Same—Charge of Court—Alibi.**

Where the court charged the jury if they had a reasonable doubt as to whether the defendant was on the ground where the alleged offense was committed at the time it was committed, to acquit the defendant, the same was a sufficient charge on alibi.

**5.—Same—Charge of Court—Principals.**

Where circumstantial evidence showed that the defendant and another were seen in close proximity of the place where the obstruction on the railway track occurred, the court properly charged on the law of principals, and there was no error in submitting the issue that if the obstruction was made by ties or rocks, etc., as this was supported by the evidence.

**6.—Same—Sufficiency of the Evidence.**

Where, upon trial of wilfully obstructing a railway track, the evidence, although circumstantial, sustained the conviction, there was no error.

Appeal from the District Court of Grimes.    Tried below before the Hon. S. W. Dean.

Appeal from a conviction of wilfully obstructing a railway track; penalty, two years imprisonment in the penitentiary.

The indictment was as follows: "IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS: The grand jurors for the County of Grimes, State aforesaid, duly organized as such at the May term, A. D. 1910, of the District Court for said county, upon their oaths in said court present that Henry Clay on or about the twenty-fourth day of May, one thousand nine hundred and ten, and anterior to the presentment of this indictment, in the County of Grimes and State of Texas, did then and there unlawfully, wilfully and maliciously place an obstruction, to wit, large pieces of timber, commonly known as railroad ties and rocks, upon the track of a railroad there situated, to wit: the track of the Houston & Texas Central Railroad Company, whereby the lives of persons were endangered, against the peace and dignity of the State.

The opinion states the case.

*H. L. Lewis* and *W. W. Meachum,* for the appellant.—On the question of insufficiency of the indictment: Thurmond v. State, 30 Texas Crim. App., 539; White v. State, 24 Texas Crim. App., 231; Stallings v. State, 29 Texas Crim. App., 220; Central Ry. Co. v. Hearne, 32 Texas, 547.

On the question of insufficiency of the evidence: Cox v. State, 59 S. W. Rep., 903; Bullion v. State, 7 Texas Crim. App., 462.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, tried and convicted of the offense of wilfully and maliciously placing an obstruction upon the track of the Houston & Texas Central Railroad Company, whereby the lives of persons were endangered, and his punishment assessed at two years in the penitentiary.

Appellant filed motions to quash the indictment and in arrest of judgment on the ground that the indictment does not allege that the Houston & Texas Central Railroad Company is incorporated, claiming that such allegation must be contained in the indictment, and that the railroad company must be a legal corporation. He cites us to the case of Thurmond v. The State, 30 Texas Crim. App., 539, in which case it is held that where the property of a corporation is stolen, the indictment must not only describe the corporation by its direct corporate name, but must also allege that it was a corporation, and that the property was taken from the possession of some one holding the same for the corporation without the consent of the party holding same, etc. This was based on the fact that it is necessary to prove want of consent, in

theft cases, of the owner, or of the party holding the property in order
to justify a conviction, and the owner being a corporation, it could not
testify but must testify through its agents. In this character of case
no such proof is necessary. The offense in this case is the placing of an
obstruction upon the track of a railroad whereby the life of any person
might be endangered, and it would be immaterial whether the owner
was a private individual, corporation, or joint stock company. The
railroad company could not give consent for such an obstruction to be
placed on the track, and it would be no defense to allege and prove
such consent, but would only render the owner liable as a principal,
if it connived at and consented to such an offense being committed.
The allegation that an obstruction had been placed on the track of a
railroad company whereby the lives of persons were endangered, to wit:
the track of the Houston & Texas Central Railroad Company, was but
a designation of the railroad track on which the obstruction was placed,
and it was unnecessary to allege whether it was owned by an individual,
partnership or corporation.

In bills of exception it is objected to the witness W. J. Wilson being
permitted to testify: "I am a locomotive engineer in the employ of
the Houston & Texas Central Railroad Company. I have been an
engineer for nearly twenty-two years. I have been with that road all
the time. On the date alleged in the indictment I was running an
engine on that road. I did not see any other obstruction there besides
the ties. If we had been running at thirty-five miles an hour, the
usual speed of the train, the ties were calculated to wreck the train.
The ties would have been calculated to wreck a train running at the
usual rate of speed." The objections urged were that there was no
allegations that the Houston & Texas Central Railroad Company was
an incorporated company. This has heretofore been discussed. The
other objections present no error, for by the testimony it is shown
that he is an engineer of more than twenty-one years experience, and
under such circumstances he was qualified to testify as an expert. The
average man would not know what obstructions were calculated to
endanger the lives of the persons traveling on trains traversing the
tracks of a road, and it was permissible to permit a person of experi-
ence and knowledge to testify whether or not the obstructions placed
on the track were such.

Bill of exceptions No. 4 presents no error. In it it is stated that the
court failed to charge all the law applicable to and demanded by the
evidence in that the charge does not define what would be a legal rail-
road company, nor define what is meant by obstruction as used in the
statute. It would be immaterial whether the company was a legal
corporation or not, if it was operating a railroad in Texas, and the
term "obstruction" is defined by the statute as being such an obstruc-
tion as the lives of persons might be endangered. The court's charge
fully covers this phase of the case.

The appellant objected to the court's charge on alibi on the ground

that said charge places the burden on the defendant to prove said alibi. This objection is not supported by the charge, in that the charge instructs the jury if they have a reasonable doubt as to whether the defendant was on the ground where the alleged offense was committed, at the time of commission of the same, they must acquit him.

The charge on principals aptly and correctly applies the law as applicable to the evidence in this case, and the objection that the facts in evidence did not warrant such a charge is not well taken. This is a case of circumstantial evidence, and the evidence shows that defendant and another passed along where the obstruction was placed on the track, were seen in close proximity thereto, and a pencil was found with the name "Henry C." at this point, defendant having been shown to have kept a score card the day before. The facts called for a charge on principals, and as there is no objection to the charge, except that the law of principals should not have been presented, this presents no error. The objection that the charge was incorrect in that it submitted obstructions by ties or rocks, because the evidence did not show that any rocks had been placed on the track, is not well taken. The evidence shows that ties had been placed thereon, and the appellant developed the fact that rocks had been placed on the track, which the witness did not think would derail a train. This would not present a reversible error.

This disposes of all the bills of exception in the record, and the only other ground in the motion is based on the alleged insufficiency of the evidence. We have carefully reviewed the evidence. It is a case based wholly on circumstantial evidence, and we think the facts and circumstances in evidence would authorize the jury to arrive at the conclusion at which they did arrive.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied April 17, 1912.—Reporter.]