### DELLA JONES v. THE STATE.

No. 3437.  Decided February 17, 1915.

**1.—Occupation—Local Option—Indictment.**

Upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, there was no error in overruling a motion to quash the indictment because it did not negative the exceptions in the statute. Following Slack v. State, 61 Texas Crim. Rep., 372.

**2.—Same—Evidence—Law in Force—Original Records.**

Upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, there was no error in admitting in evidence the original records showing that local option was in force, without having given notice of such records.

**3.—Same—Variance—Sufficiency of the Evidence.**

Where the indictment alleged that the defendant did make two different sales of intoxicating liquor to T. & N., in a prosecution for following the occupation of selling intoxicating liquors in local option territory, and the evidence showed that the liquor was sold at one time to one party alleged in the indictment for the use and benefit of both persons alleged in the indictment, and another sale was made at another time to the other party alleged in the indictment for the use and benefit of both parties alleged in the indictment, there was no material variance in the allegation and the proof. Following Werbiski v. State, 20 Texas Crim. App., 132, and other cases.

**4.—Same—Delay—Filing Transcript.**

See opinion deprecating delay in filing transcript, and admonishing officers of the court to comply with the law.

Appeal from the District Court of Taylor. Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Harry Tom King* and *D. M. Oldham,* for appellant.—On question of insufficiency of indictment: Keith v. State, 58 Texas Crim. Rep., 418, 126 S. W. Rep., 569; Sutphen v. State, 59 Texas Crim. Rep., 500, 129 S. W. Rep., 144.

On question of joint sale: Robinson v. State, 66 Texas Crim. Rep., 392, 147 S. W. Rep., 245; Thomas v. State, 66 Texas Crim. Rep., 374, 147 S. W. Rep., 262.

On question of variance: Sessions v. State, 98 S. W. Rep., 243; Ellington v. State, 86 S. W. Rep., 330; O'Shennessey v. State, 49 Texas Crim. Rep., 600, 96 S. W. Rep., 790; Miles v. State, 62 Texas Crim. Rep., 530, 138 S. W. Rep., 398.

On question of admitting records in evidence as to local option law: Lamar v. State, 49 Texas Crim. Rep., 563, 95 S. W. Rep., 509; Burton v. State, 51 Texas Crim. Rep., 196, 101 S. W. Rep., 226; Frazier v. State, 81 S. W. Rep., 532.

On question of different sales and charge of court: Hackett v. State, 13 Texas Crim. App., 406; Duncan v. State, 30 id., 1.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of indictment: White v. State, 11 Texas Crim. App., 476; Eppstein v. State, 11 id., 480, and cases cited in opinion.

HARPER, JUDGE.—Appellant was convicted of pursuing the business of selling intoxicating liquors, and prosecutes this appeal.

This conviction occurred in March, 1912, yet the transcript was not filed in this court until January 25, 1915,—nearly three years after the judgment of conviction in the trial court. The clerk writes a letter in which he states that this occurred through an oversight that he can not account for. It is just such cases as this which has brought about the

"cry of delay in criminal cases." If this transcript had been forwarded to this court in the time provided by the law, the case would have been acted on during the year 1912, and we would again say it is not so much a change in the law that is needed as a compliance with the law as it is written.

Appellant moved to quash the indictment because it did not negative the exceptions. She admits in her brief that this question has been decided adversely to her, but she again presents it for consideration. Having so thoroughly discussed the question in Slack v. State, 61 Texas Crim. Rep., 372, 136 S. W. Rep., 1073, we do not deem it necessary to do so again, but merely refer to that opinion.

The court did not err in admitting the original records in evidence showing that local option was in force in Taylor County. The originals are admissible without having given notice.

All the other bills in the record relate to one question, presenting it from several viewpoints. The indictment alleged that appellant, in Taylor County, Texas, did pursue the business and occupation of selling intoxicating liquors, and "did make two different sales of intoxicating liquor to Minnie Thomas and Hester Nunn." This is a sufficient quotation from the indictment to present the question raised. Appellant insists that this alleged joint sales to Minnie Thomas and Hester Nunn, and that there would be a fatal variance in the proof in proving one sale to Minnie Thomas and another and different sale to Hester Nunn, therefore she was entitled to peremptory instructions, and if not entitled to peremptory instructions, then her special charges instructing the jury that if they found that appellant made a sale of whisky to Minnie Thomas and on another and different occasion made a sale to Hester Nunn, to acquit.

Appellant cites in support of her contention Sessions v. State, 98 S. W. Rep., 243; Ellington v. State, 86 S. W. Rep., 330; O'Shennessey v. State, 49 Texas Crim. Rep., 600, 96 S. W. Rep., 790, and Miles v. State, 62 Texas Crim. Rep., 530, 138 S. W. Rep., 398. In the Sessions case the sale was alleged to have been made to Dude Nobles and Hugh Foster. The proof showed a sale to Dude Nobles alone, and it was held to be fatal. In the Ellington case the information alleged a sale to four persons, naming them, while it was held the evidence showed a sale to only one of the four, and held the conviction could not be sustained. In the O'Shennessey case the indictment alleged a sale to Houston and Griggs. The court authorized a conviction if a sale was made to Griggs alone—held error. The Miles case is not in point on this question, it merely holding that the sale should be alleged to have been made to the person who paid the money, and to whom the whisky was delivered.

What do the facts in this case show? Minnie Thomas testified that she went to the home of appellant and purchased a bottle of whisky from her, paying her seventy-five cents for a half pint. She says she, Mr. Tom, Hester Nunn and Irene Hamilton contributed the money;

Vol. 76 Crim.-16

that they made up a "pot" and she took the money and went and bought the whisky, and they all drank the whisky.

Hester Nunn testified that on another occasion she, Minnie Thomas and Irene put up a quarter each and they all went to appellant's house, and she, Hester, paid appellant the seventy-five cents, and appellant brought her some whisky in a quart bottle.

Appellant says there is a fatal variance in this testimony, and the allegations contained in the indictment. It is true that in the first instance Minnie Thomas paid the money to appellant and received the whisky, and it was paid for with money furnished by herself, Mr. Tom, Hester Nunn and Irene, and strictly speaking they were all the purchasers, but it has been held that a sale could be alleged to Minnie Thomas alone. Again, in the next instance, Hester Nunn paid the money and received the whisky, while the money was furnished by Hester, Minnie and Irene. Again the sale could have been alleged to have been made to Hester Nunn alone.

In this case appellant was being prosecuted for pursuing the occupation of selling intoxicating liquor, and not for making a particular sale. It is true that it was necessary to allege that at least two sales had been made, and under the Fitch case (58 Texas Crim. Rep., 366), it is necessary to allege the names of at least two persons to whom sales were made, and as it is necessary to make such allegation, of course the proof must sustain such an allegation. But in this case, in one instance the sale was made to Minnie Thomas, for the benefit of herself, Hester Nunn and others, and in the other instance the sale was made to Hester Nunn for the benefit of herself, Minnie Thomas and another. Does this present such a variance as to necessitate a reversal of the case, where the allegation is that "two different sales were made to Minnie Thomas and Hester Nunn"?

Appellant's contention is that the language charges two sales to Minnie Thomas and Hester Nunn jointly, while the proof shows one sale to Minnie Thomas alone and another sale to Hester Nunn alone. The language used in the indictment we think would convey to the ordinary mind that it alleged a sale to Minnie Thomas and a sale to Hester Nunn. It is true, perhaps, if the sentence is taken literally under grammatical rules, it charges two sales to Minnie Thomas and Hester Nunn jointly. This would be all that was necessary to allege, and the only question is that if the indictment be given that construction, would proof that a sale was made to Minnie Thomas, in which Hester Nunn had an interest by virtue of contributing a portion of the money, and a sale to Hester Nunn, in which Minnie Thomas was interested, as she contributed a portion of the money, be sufficient under the joint allegation, if it be held to be that a sale to them jointly is alleged in the indictment, and not a sale to each of them? In criminal law the rule is rather strictly adhered to, that the proof offered must be in conformity with and sustain the allegations as made, yet we do not think it has ever been held that where an allegation was that a sale was made

to two persons, and the proof showed that it was only made to one, yet in fact was for the use and benefit of the two named, that this would present a fatal variance. Had the whisky not been paid for, a civil action, under the evidence, would lie against both Minnie Thomas and Hester Nunn jointly for the value of each bottle of whisky sold. This court has held in Werbiski v. State, 20 Texas Crim. App., 132, that "to constitute a fatal variance there must be a material misdescription such as is calculated to mislead or surprise the adverse party," citing McClelland v. Smith, 3 Texas, 210, and Warrington v. State, 1 Texas Crim. App., 168. The offense for which appellant was being prosecuted was pursuing the business or occupation of selling intoxicating liquor, and the record supports a finding that she was so engaged, and there is no such variance in the allegation and proof as to the persons to whom the sales were made as to authorize a reversal.

The judgment is affirmed.

*Affirmed.*