## W. A. Timmins v. The State.

No. 4502.   Decided June 29, 1917.

**1.—Perjury—Indictment—Local Option.**

Upon trial of perjury, where the indictment alleged that the defendant swore falsely, before the grand jury, who were investigating a charge of a violation of the local option law, and that the election, in which the sale of intoxicating liquors was prohibited took place some three years prior to said investigation, it was not necessary to specifically allege that such sale was unlawful in said county, at the time of said investigation, or fail to negative the fact that the prohibition of the sale of intoxicating liquors had been repealed by a subsequent election. Following Nobles v. State, 71 Texas Crim. Rep., 121, and other cases.

**2.—Same—Indictment—Grand Jury—Venue.**

Upon trial of perjury, which was based on false testimony before the grand jury, during its investigation of a violation of the local option law, it was not necessary to allege that the inquiry of said grand jury was confined to trans-

actions taking place in the county of the prosecution. Following McDonough v. State, 47 Texas Crim. Rep., 227, and other cases.

### 3.—Same—Sufficiency of the Evidence—Credible Witnesses—Corroboration.

Where, upon trial of perjury, the testimony of two State's witnesses, both of whom were competent, testified to the alleged false testimony, and there were other circumstances in evidence detailed by other witnesses, corroborating the testimony of the other two witnesses, the conviction was sufficiently sustained.

### 4.—Same—Credible Witness—Immunity from Punishment.

Where appellant contended that the conviction for perjury was not sustained by the evidence of two credible witnesses, because one of them had been charged with a felony, and tendered immunity by the State, in consideration of his giving testimony against the appellant, such contention was untenable and there was no reversible error. Following Anderson v. State, 56 Texas Crim. Rep., 360, and other cases.

### 5.—Impeachment of Witness—Predicate—Hearsay.

Where appellant contended that one of the State's witnesses had been promised immunity from prosecution for felony by agreement with State's counsel and attempted to attack the credit of said witness by trying to impeach him, but had laid no predicate for so doing, and, besides, the proferred testimony was hearsay, there was no reversible error.

### 6.—Same—Charge of Court.

Where appellant contended that his requested charge instructing acquittal if the jury found that he by reason of intoxication was unable to remember the facts with reference to the transactions testified to by him before the grand jury, and upon which the perjury was based, should have been submitted, but the record showed that the court's main charge sufficiently guarded the appellant's theory in this respect, there was no reversible error.

Appeal from the District Court of Jones. Tried below before the Hon. John B. Thomas.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case

J. L. Cearley and E. T. Brooks, for appellant.—On question of indictment: Lester v. State, 69 Tex. Crim. Rep., 312, 153 S. W. Rep., 861; Garrett v. State, 39 id., 108; Pigg v. State, 71 Texas Crim. Rep., 600, 160 S. W. Rep., 691.

E. B. Hendricks, Assistant Attorney General, for the State.—On question of indictment: Moore v. State, 24 S. W. Rep., 95; Hutcherson v. State, 24 id., 908, and cases cited in opinion.

On question of sufficieny of the evidence: Urben v. State, 77 Texas Crim. Rep., 261, 178 S. W. Rep., 514; Robertson v. State, 68 Texas Crim. Rep., 243, 150 S. W. Rep., 893; Poulter v. State, 72 Texas Crim. Rep., 140, 161 S. W. Rep., 475; McDonough v. State, 47 Texas Crim. Rep., 227.

On question of impeachment of witness: Scott v. State, 72 Texas Crim. Rep., 26, 160 S. W. Rep., 960.

MORROW, Judge.—This appeal is from a conviction for perjury and sentence of two years confinement in the penitentiary.

It was shown that the sale of intoxicating liquors was prohibited in Jones County by virtue of an election duly held and result published in June, 1914. That appellant was a witness before a duly organized grand jury of the Thirty-ninth Judicial District of Texas, sitting in Jones County.

The State's witness, Estes, claimed to have seen appellant in company with Louis Haley about the time the evening train came in, and that shortly afterward he saw each of them in possession of a bottle of whisky; that W. C. Reese, a news butcher got off the train when it arrived and that shortly afterwards was arrested with several pints of whisky in his grip.

Louis Haley testified that on the occasion in question he and appellant went to the depot, waited until the train came in and shortly thereafter, at appellant's suggestion, walked a short distance on the railroad and came up with Reese. He said, "I did not know Reese at that time, but understood that was him. I have seen him and know him when I see him." He claimed that he bought from Reese a pint of whisky and gave him a dollar for it, and that appellant at the same time got a quart; that he saw the whisky handed to appellant and saw something changed, though he coud not swear it was money, but that appellant said this whisky cost him $1.50 a quart; and witness claimed they went to appellant's place of business and drunk whisky out of each of the bottles. On cross-examination he said that it was dark and that he could tell only that the man from whom the whisky was gotten was a white man and that he saw him hand appellant something in a bottle.

It was shown that the grand jury was investigating a charge against W. C. Reese for unlawfully selling whisky in Jones County and that appellant, a witness duly sworn before the grand jury in session, testified that about the time alleged in the indictment, November 1, 1916, he did not buy any whisky from W. C. Reese and did not see Haley do so; that he had never bought any whisky from Reese and never saw Haley do so. This testimony seems to have been verbal and also reduced to writing. His testimony, in substance, was proved by two of the grand jurors, and W. C. Reese testified that about November 1, 1916, he saw appellant and Haley at the depot and that he let Haley have a pint of whisky, and Timmins have a pint or quart; that Haley paid him a dollar for the pint, and that Timmins paid him a dollar and owed him a dollar; that he sold this defendant several times, these transactions taking place in Stamford, in Jones County. He testified that he was arrested the same night and had in his possession seven or nine pints of whisky. He was uncertain as to the exact date of the transaction, but said it was in the fall of 1916, along about November 1. He was not acquainted with Haley at the time, but he had let him have the whisky and learned since who he was. There was evidence that appellant was drunk about the time that Reese was arrested. His wife tes-

tified she thought the occurrence took place about the 16th of October, and that when appellant was intoxicated he could not remember things that transpired.

Appellant insists that the indictment is fatally defective and that the evidence is insufficient to support the conviction. As to the indictment there are several criticisms. Two of them only present questions worthy of note. One of these grows out of the fact that the indictment charged that the election in which the sale of intoxicating liquors was prohibited in Jones County took place on the 6th day of June, 1914, and that there was an absence of specific allegation that the sale of intoxicating liquors was unlawful in Jones County at the time of the investigation before the grand jury in January, 1917. The effect of this is to assert that the indictment was bad because it fails to negative the fact that the prohibition of the sale of intoxicating liquors had been repealed by a subsequent election.

We do not regard this position tenable. For decisions on the subject see Branch's Ann. P. C., p. 697, sec. 1233; also Vernon's P. C., art. 597, pp. 311 and 312; Williams v. State, 37 Texas Crim. Rep., 238; Wade v. State, 53 Texas Crim. Rep., 184; Green v. State, 62 Texas Crim. Rep., 345; Mayo v. State, 62 Texas Crim. Rep., 110; Jones v. State, 70 Texas Crim. Rep., 343; Johnson v. State, 70 Texas Crim. Rep., 582; Nobles v. State, 71 Texas Crim. Rep., 121.

The indictment contains also the following allegations: "Whereupon, it then and there became and was a material inquiry before said grand jury and necessary for the due administration of the criminal law of said State, and for the ends of public justice, whether in said county and State, one W. C. Reese did make a sale of intoxicating liquor to the said W. A. Timmins on or about November 1, 1916, in Jones County, Texas, and within the last two years preceding the said date first above mentioned, towit: January 4, 1917; and whether a sale of intoxicating liquors was then and there made to one Louis Haley in the presence of the said W. A. Timmins, by the said W. C. Reese, on or about November 1, 1916, and within the last two years next preceding the said date first above mentioned, towit, January 4, 1917.

"And the said W. A. Timmins did on or about the day and date first above named, towit, January 4, 1917, in said county and State, before and to said grand jury, under the sanction of said oath, administered to him as aforesaid, deliberately and wilfully state and testify that he, the said W. A. Timmins, did not buy any whisky on or about November 1, 1916, and within the last two years next preceding the said date, towit, January 4, 1917, from W. C. Reese; which said statement and testimony was then and there material to the issue and to the inquiry aforesaid, and which said statement and testimony was then and there deliberately and wilfully made, and was deliberately and wilfully false, as he, the said W. A. Timmins, then and there well knew; whereas in truth and in fact, the said W. A. Timmins, on or about the 1st day

of November, 1916, and within two years next preceding the date above mentioned, towit, January 4, 1917, did purchase whisky and intoxicating liquors from the said W. C. Reese in said Jones County, Texas; and the said W. A. Timmins did, on or about the day and date first above named, towit, January 4, 1917, in said county and State, before and to said grand jury, under the sanction of said oath administered to him as aforesaid, deliberately and wilfully state and testify that he, the said W. A. Timmins, was not present and did not see the said Louis Haley buy any whisky from the said W. C. Reese; on or about November 1, 1916, and within the last two years next preceding the date above mentioned, towit, January 4, 1917, which said statement and testimony was then and there material to the issue and to the inquiry aforesaid, and which said statement and testimony was then and there deliberately and wilfully made and was deliberately and wilfully false, as he, the said W. A. Timmins, then and there well knew; whereas, in truth and in fact the said W. A. Timmins did see and was then and there present when the said W. C. Reese did sell intoxicating liquors and whisky to one Louis Haley, on or about November 1, 1916, and within two years next preceding January 4, 1917, against the peace and dignity of the State."

The other assignment to be noted is that which grows out of the contention that the allegation, that appellant did deliberately and wilfully state and testify that the said W. A. Timmins did not buy any whisky on or about November 1, 1916, and within the last two years next preceding said date, towit, January 4, 1917, from W. C. Reese, and denied he was present or had any knowledge of the sale of intoxicating liquors by Reese to Haley, the appellant's contention in substance being that this inquiry was not by its terms confined to transactions taking place in Jones County. This direct question was before this court in McDonough v. State, 47 Texas Crim. Rep., 227, and decided against appellant's contention. The case mentioned was followed in Scott v. State, 75 Texas Crim. Rep., 396, 160 S. W. Rep., 961, in a well considered opinion by Judge Davidson.

The appellant insists that the conviction ought not to stand because the quantum of evidence requisite under art. 806, Vernon's C. C. P., was not produced on the trial. The specific contention of appellant is that the rule requiring the falsity of his testimony, before the grand jury, to be established by two credible witnesses or one credible witness strongly corroborated by other evidence, was not complied with. The evidence of the witness Haley and that of Reese was, in our judgment, sufficient to show that appellant bought whisky from Reese and that he saw Haley do so. In addition to their direct evidence, there are circumstances detailed by other witnesses, among them the witness Estes, whose testimony is stated in part above, and who gave additional testimony from which it appears that he was engaged in an effort to discover sales of whisky and that appellant and Haley came to a house while the witness Estes was sitting under the edge of it; that this occurred shortly after the time that the train came in on which, from other testimony,

it is indicated that Reese came in and brought the whisky.  He says they came up and sat down on the steps, pulled out a bottle and were drinking, talking about the whisky; said they were glad to get it; just about give out.  They struck a match and looked at the brand, and Haley opened his pint and they drank out of it.  They each had a bottle.  We find testimony that appellant was drinking on the evening in question, but appellant's contention involves the proposition that Reese was not a credible witness and that the circumstances are not sufficient to corroborate Haley.  The facts upon which appellant tries to show that Reese was not a credible witness is the fact that he had been charged with the sale of whisky and the suggestion that he had been tendered immunity from prosecution in consideration of his giving testimony against the appellant.  There was no proof of an agreement making Reese immune from punishment, though there is evidence from which the inference could be drawn that there was such an understanding.  The witness Reese was a competent witness and his credibility was for the jury.  Anderson v. State, 56 Texas Crim. Rep., 360; Branch's Ann. P. C., p. 478, sec. 847, and cases cited.

Some exceptions appear to the refusal of the court to permit the defendant to ask members of the grand jury on cross-examination if the district attorney had not informed them that if they would rescind their action against Reese that he would go in and testify against appellant.  Any agreement reached on the subject would have been proper to use to impeach Reese, but a predicate for so doing was necessary and the bills in question fail to show any predicate was laid by inquiry of Reese with reference to his agreement with the district attorney; and further, the evidence excluded does not purport to be statements by Reese, but hearsay information obtained by members of the grand jury from the district attorney.  They do not show any error.

A special charge was requested instructing acquittal if the jury found that appellant, by reason of intoxication, was unable to remember the facts with reference to the transactions testified to by him before the grand jury.  The charge of the court appears to have sufficiently guarded appellant's theory in this respect.  In the second paragraph he told the jury that a false statement made through inadvertence or under agitation or by mistake was not perjury.  In the fourth and fifth paragraphs in defining the terms "deliberately" and "wilfully" and in the twelfth paragraph the jury was told to acquit if they found the appellant was so intoxicated that he did not remember the transaction.  Such other special charges as were requested were embodied in the main charges.

Failing to find any reversible error in the record, the judgmnt of the lower court is affirmed.

*Affirmed.*

[This case reached hands of Reporter December, 1917.]