### KIRBY PRICE v. THE STATE.

No. 4992.   Decided April 17, 1918.

**1.—Local Option—Sufficiency of the Evidence—Indictment.**

Where the indictment alleged among other necessary averments the election, and the sale thereafter of intoxicating liquors, that the Commissioners Court passed and published an order declaring the result of said election and prohibiting the sale of intoxicating liquors in the prohibited territory and that thereupon said order was published for the time and in the manner required by law, the same was sufficient and in the absence of a statement of facts and bills of exception, the judgment must be affirmed.   Following Watson v. State, 52 Texas Crim. Rep., 551, and other cases.

**2.—Same—Indictment—Limitation.**

Where the motion to quash involved the proposition that the date of the alleged offense was more than two years subsequent to the election mentioned, and that it is incomplete in failing to show in some form that prohibition is still in force, was correctly overruled, as it is not required that the indictment shall negative the fact that there has been a subsequent election removing the prohibition.   Following Timmins v. State, 199 S. W. Rep., 1106.

Appeal from the District Court of Cooke.   Tried below before the Hon. C. F. Spencer.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

. *E. B. Hendricks*, Assistant Attorney General, for the State.—Cited cases in opinion.

MORROW, JUDGE.—Appellant was convicted for the offense of selling intoxicating liquors in a district where it was prohibited by law.

In the absence of bill of exceptions and statement of facts the only question raised for review is that involving the insufficiency of the indictment.   The criticism involves the proposition that the indictment is insufficient in the manner of the alleged publication of the result of the local option election.   The terms used are as follows: "And thereupon the Commissioners Court of said county did pass and publish an order declaring the result of said election and prohibiting the sale of intoxicating liquors in said county, and thereupon said order was published for the time and in the manner required by law."

Practically the same allegations were held sufficient by this court in an opinion by Judge Ramsey in Watson v. State, 52 Texas Crim. Rep., 551, citing Key v. State, 37 Texas Crim. Rep., 77.   The Watson case has been frequently followed and supports the action of the trial court in overruling the motion to quash.

The indictment charges the election, at which the sale of intoxicating liquors was prohibited, to have taken place May 28, 1910.   The motion to quash involves the proposition that the date of the alleged offense was

more than two years subsequent to the election mentioned and that it is incomplete in failing to show in some form that prohibition is still in force. Having been put in effect by the election previously it would remain in effect unless abrogated by a subsequent election. The law does not require that the indictment shall negative the fact that there had been a subsequent election removing the prohibition. Branch's Ann. P. C., sec. 1233; Vernon's P. C., pp. 311-12; Timmins v. State, 82 Texas Crim. Rep., 263, 199 S. W. Rep., 1106, and cases cited.

The judgment of the lower court is affirmed.

*Affirmed.*

PRENDERGAST, JUDGE, absent.