### KIRBY PRICE v. THE STATE.

#### No. 4991. Decided April 17, 1918.

**1.—Local Option—Indictment.**

Where, upon trial of a violation of the local option law, the indictment followed approved precedent, the same was sufficient. Following Watson v. State, 52 Texas Crim. Rep., 551, and other cases.

**2.—Same—Charge of Court—Allegation and Proof—Harmless Error.**

Where the indictment charged that the sale was made to four persons, naming them, it was essential that the proof should agree with the allegations, and a conviction could not be had that the sale was made to one of the parties named in the indictment, and a charge of the court which required this was erroneous; however, the error was harmless, inasmuch as the proof showed that these parties were acting all together in the purchase of the whisky. Following Wimberley v. State, 60 Texas Crim. Rep., 65, and other cases.

Appeal from the District Court of Cooke. Tried below before the Hon. Chas. F. Spencer.

Appeal from a conviction of a violation of the local option law; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—This is a companion case to Kirby Price, No. 4992. The indictment is in substance like the one held sufficient in that case on the authorities of Watson v. State, 52 Texas Crim. Rep., 551, and cases cited in Timmins v. State, 82 Texas Crim. Rep., 263, 199 S. W. Rep., 1106.

The offense is alleged to have been committed by the sale of intoxicating liquor on the 18th day of February, 1917, to Artie Holcomb, Otis Burson, Clarence Wright and Henry Sloan.

Appellant's bill of exceptions complains that the court's charge authorized a conviction if the sale of liquor was unlawfully made to all or either of the parties named as purchasers in the indictment, and of the refusal of a special charge instructing the jury that it would be authorized only in the event the sale was made to all of them. The State's testimony shows that if the sale was made it was made to all the parties named. Their testimony is to the effect that they each chipped in 50 cents and went together and purchased a bottle of whisky from appellant.

Clarence Wright testified that he, Otis Burson, Artie Holcomb and Henry Sloan bought a quart of whisky from appellant for $2. He said: "I think it was 50 cents that I put in. We all went together; we were all four present during the transaction. I don't know which one of us gave him the money." Otis Burson gave, in substance, the same testimony. Artie Holcomb said: "All four of us were there at the time. We gave him the money and got some whisky." Sloan's testimony was to the effect that all the parties named in the indictment were interested and got the whisky together, but was unable to identify the appellant definitely as the person from whom he bought.

Appellant testified and denied making the sale at all.

The court's charge was not correct. The indictment having charged that the sale was made to four persons, naming them, it was essential that the proof should agree with the allegation, and conviction could not be had under this indictment upon proof that the sale was made to one of the parties named. This has been held in a number of cases. Sessions v. State, 98 S. W. Rep., 243; Jones v. State, 76 Texas Crim. Rep., 239, 174 S. W. Rep., 349; O'Shennessey v. State, 49 Texas Crim. Rep., 600; Tippit v. State, 53 Texas Crim. Rep., 180; Arnold v. State, 47 Texas Crim. Rep., 556. The evidence, however, is undisputed that the sale if made by appellant was made to all four parties named in the indictment; that they were all together, all interested in the purchase, each furnishing their prorata part of the money. This being true, it appears that under article 743, C. C. P., which provides, in substance, that error not calculated to injure the rights of an accused will not authorize reversal, the error of the court would be classed as harmless. Robinson v. State, 37 Texas Crim. Rep., 195; Wimberley v. State, 60 Texas Crim. Rep., 65; Anthony v. State, 62 Texas Crim. Rep., 138; Green v. State, 62 Texas Crim. Rep., 345; Williams v. State, 65 Texas

Crim. Rep., 193, 144 S. W. Rep., 622; Clay v. State, 65 Texas Crim. Rep., 590, 146 S. W. Rep., 166; Summers v. State, 66 Texas Crim. Rep., 551, 148 S. W. Rep., 774; Johnson v. State, 67 Texas Crim. Rep., 441, 149 S. W. Rep., 165; Lane v. State, 69 Texas Crim. Rep., 65, 152 S. W. Rep., 897; Carey v. State, 74 Texas Crim. Rep., 112, 167 S. W. Rep., 366; Vernon's C. C. P., pp. 507, 508, and cases cited.

The judgment of the lower court is affirmed.

*Affirmed.*

PRENDERGAST, Judge, absent.