### TOM PALLA v. THE STATE.

No. 8222.    Delivered November 4, 1925.

**1.—Sale of Intoxicating Liquor—Indictment—Allegata and Probata—Variance Fatal.**

Where, on a trial for the sale of intoxicating liquor, the first count in the indictment, submitted in the court's charge, alleged a sale made to James Roberson and Dee Saunders, and the proof disclosed a sale made to Roberson alone, the variance between the allegation and proof is fatal, and the judgment must be reversed. Following Arnold v. State, 47 Tex. Crim. Rep. 556 and other cases cited.

2.—Same—Dissenting Opinion.

Judge Lattimore dissents from the opinion of the majority of the court, and expresses his opinion that the indictment charging a sale jointly to Roberson and Saunders is fully supported by proof of a sale to either, and that there is no legal variance.

Appeal from the District Court of Bastrop County. Tried below before the Hon. R. J. Alexander, Judge.

Appeal from a conviction of the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*P. J. Alexander* and *E. T. Simmang,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the sale of intoxicating liquor with punishment assessed at one year in the penitentiary.

The indictment contained three counts; the first charged a sale to James Roberson and Bee Saunders; the second charged a sale to Roberson alone, and the third charged a sale to Saunders alone. The case was submitted to the jury upon the first and second counts only, the court instructing them not to regard the third count for any purpose.

A number of questions are raised by appellant in his brief, but we think it unnecessary to discuss them on account of the disposition we feel compelled to make of the case.

Bee Saunders was not present at the trial, his absence being accounted for by proof that he had left the county where the trial was had. The substance of the testimony of Roberson and Phil Hopes was that those two together with Saunders went in a Ford truck to appellant's house; that Hopes and Roberson each furnished two dollars for the purpose of buying the whiskey; that Saunders put in nothing whatever; that when they arrived at the house Hopes remained in the car; that Roberson and Saunders went to the house and returned to the car with the whiskey. Hopes did not hear the conversation which took place between Roberson and appellant, but testified to their actions, from which the conclusion would be drawn that he saw Roberson passing the money to appellant and appellant the whiskey to Roberson. Roberson testified that Saunders had nothing whatever to do with the purchase of the whiskey and only accompan-

ied him (Roberson) from the car to the house; that Roberson did all the talking, paid the four dollars over to appellant and received from appellant the whiskey.

Appellant objected to the court submitting the first count to the jury upon the ground that the evidence had failed to show that Saunders was a party to the transaction. He presented a special charge specifically calling the court's attention to the fact, requesting that the jury be told that the State had failed to prove the sale of any liquor to Saunders and for that reason appellant could not be convicted under the first count in the indictment. This charge was refused. The verdict finds appellant guilty under the first count. In our opinion the judgment based thereon can not be permitted to stand because the evidence does not support the finding of a joint sale to Roberson and Saunders, but shows only a sale made to Roberson while Saunders was present. We are at a loss to account for the jury convicting under the first count in the indictment instead of the second which charged a sale to Roberson alone. Arnold v. State, 47 Tex. Crim. Rep. 556, 85 S. W. 18; Tippit v. State, 53 Tex. Crim. Rep. 180, 149 S. W. 190; O'Shennesey v. State, 49 Tex. Crim. Rep. 600, 96 S. W. 790; Jones v. State, 76 Tex. Crim. Rep. 239, 174 S. W. 349; Sessions v. State, 98 S. W. 243; Price v. State, 83 Tex. Crim. Rep. 322, 202 S. W. 948.

For the reasons heretofore given the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

For reasons set out fully in Brown v. State, No. 8222, opinion this day handed down, I respectfully record my dissent. The indictment alleging a sale to Roberson and Saunders, is fully supported by proof of a sale to either, and there is no legal variance.

LATTIMORE, Judge.