AUGUST SCHMIDT v. THE STATE.

No. 14786. Delivered February 10, 1932.

The opinion states the case.

*Crain & Hartman,* of Cuero, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Selling intoxicating liquor is the offense; the punishment, one year in the penitentiary.

The bill of indictment contains three counts. The first count alleged possessing intoxicating liquor for the purpose of sale. The second count alleged the sale of intoxicating liquor to one individual. The third count alleged a joint sale to five persons. The first and third counts were submitted to the jury and in the charge the jury were told to make a specific finding upon which count they found the appellant guilty, in the event they found a verdict of guilty. The jury found the appellant guilty under the third count and so specified in their verdict.

The third count in the indictment specifically alleged that the appellant, August Schmidt, did then and there unlawfully sell to Elmo Buehrig, Joe K. Frobese, Earl Reyes, Wallace Benedict, and Lawrence Coppedge, five bottles of liquor capable of producing intoxication.

The verdict of the jury was as follows: "We, the jury, find the defendant, August Schmidt, guilty on the third count of unlawfully on or about the 18th day of April, A. D. 1931, sell Elmo Buehrig, Joe K. Frobese, Earl Reyes, Wallace Benedict, and Lawrence Coppedge, five bottles of beer, and assess his punishment at one year in the penitentiary."

The evidence shows that five boys went to the home of the appellant to get some beer. Three of the parties namd in the bill of indictment testified as witnesses upon the trial of the case. They were Frobese, Benedict, and Buehrig. Neither Coppedge nor Reyes, who were named as two of the joint purchasers, testified in the case. Frobese testified that all five of the parties went to the appellant's home and told the appellant they wanted to buy something to drink and appellant first refused but afterwards sold them some beer. He testified that he bought two bottles for which he paid thirty cents, or fifteen cents a bottle. Also that the purchase was made in the form of a "dutch treat" which mean that each fellow paid for his own. Buehrig testified to the same facts with reference to going to the house of appellant, and as to what occurred at the house, he testified as follows:

"He took us to the kitchen of his house. He took us through his house and we five boys followed him. After we went back to the kitchen we all ordered a bottle of beer. I paid 15c for the bottle I got and I saw Coppedge buy some beer. Coppedge is somewhere in North Texas now."

Benedict testified to about the same thing as the other two witnesses.

He also testified that he bought two bottles for which he paid thirty cents and that the appellant sold them some six or eight bottles at the time.

In addition to said three witnesses, the state placed only two other witnesses on the stand, the witness Wilburn Dahlman, and G. A. Lenz, the sheriff of DeWitt county. The witness Dahlman testified simply to the fact that he drove the five parties named in the indictment, together with two other persons, to the defendant's place of residence on the night of the alleged sale of the intoxicating liquor by the defendant. The witness Lenz testified to nothing whatever of any relevancy upon any issue as to how the sale of the liquor was made.

In due time appellant presented his motion for new trial, in which motion a new trial was asked upon the ground, among other grounds, that there was a variance between the pleading and the proof. To the overruling of said motion appellant excepted.

The allegation as to the name, if known, of the purchaser being essential in the sale of intoxicating liquor, said allegation could not be omitted without affecting the charge against appellant. The third count in the indictment having alleged a joint sale to all five of the parties named therein, the state was bound to support the averment by the proof, and a conviction could not be had under the third count in the indictment upon proof that the sale was made separately to each of the said parties and not jointly. See Brown v. State, 102 Texas Crim. Rep., 54, 276 S. W., 908; Ellington v. State (Texas Crim. App.), 86 S. W., 330; O'Shennessey v. State, 49 Texas Crim. Rep., 600, 96 S. W., 790; Sessions v. State (Texas Crim. App.), 98 S. W., 243; Price v. State, 83 Texas Crim. Rep., 322, 202 S. W., 948.

Because of the variance between the allegation in the indictment and the proof, appellant's motion for new trial should have been granted.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.