### R. F. PARKER v. THE STATE.

#### No. 4383. Decided May 30, 1917.

**1.—Murder—Change of Venue—Compurgators.**

Where the State contested the affidavit of defendant's compurgators to his motion for change of venue, alleging want of means of knowledge of same, it was unnecessary under the statute to also attack the credibility of defendant's compurgators, as the contest applied to both grounds under the statute. Following Lemons v. State, 59 Texas Crim. Rep., 299, and other cases.

**2.—Same—Change of Venue—Discretion of Court—Rule Stated.**

Unless it is clear that the trial court abused his judicial discretion, his action in refusing a change of venue will not require a reversal, and where, in the instant case, the court found that there was nothing to prevent defendant to obtain a trial before a fair and impartial jury, there was no reversible error. Following Tubb v. State, 55 Texas Crim. Rep., 606, and other cases.

**3.—Same—Evidence—Motive.**

Where, upon trial of murder, the evidence showed that the defendant heard of deceased circulating a report that he had illicit intercourse with a woman a few nights before the killing, which led up to the killing, there was no error in permitting the State to show that such illicit intercourse had taken place.

**4.—Same—Evidence—Motive.**

Upon trial of murder, where a certain report circulated by the deceased, that defendant had had illicit intercourse with a woman which led up to the killing, there was no error in admitting testimony that the defendant told the State's witness that he had an engagement with said woman, and inviting the witness to come with him, etc., but testimony that the witness had illicit inter-

course with said woman should not have been admitted. However, there was no objection urged.

**5.—Same—Provoking Difficulty—Charge of Court—Words and Phrases.**

Where, upon trial of murder, the evidence raised the issue of provoking a difficulty, the court should have charged that defendant, in seeking an explanation from the deceased, had the right to arm himself, and that this would not of itself forfeit his right of self-defense, leaving it to the jury to pass upon the circumstances; but properly refused a requested charge that the jury should not consider this fact. Prendergast, Judge, dissenting.

**6.—Same—Charge of Court—Abandoning Difficulty.**

Where, upon trial of murder, tne evidence showed that the whole transaction was continuing and occurred in a very short space of time, there was no error in the court's refusal to charge upon abandoning the difficulty. Following Wilson v. State, 71 Texas Crim. Rep., 404.

**7.—Same—Evidence—Cross-examination—Credibility of Witness.**

While the rule is that considerable latitude is permitted on cross-examination to show the bias, prejudice, etc., of a witness, and that the witness was formerly convicted of a felony or a misdemeanor involving moral turpitude, when not too remote, yet the State should not have been permitted to show that the sheriff tried to arrest the witness who ran and that the former fired at him, etc., while seeking illicit relationship with a woman. Prendergast, Judge, dissenting.

**8.—Same—Evidence—Cross-examination—Moral Turpitude.**

While it was permissible to prove by a witness on cross-examination that he had been prosecuted for theft, if not too remote, yet testimony that the witness had been shot at when caught stealing was inadmissible. Prendergast, Judge, dissenting.

**8.—Same—Evidence.**

Where the State was permitted to introduce testimony of improper relationship by deceased and another with a prostitute, etc., and that a prosecution therefor by defendant against deceased had been dismissed, defendant should have been permitted to show the ground of such dismissal. Prendergast, Judge, dissenting.

**9.—Same—Practice on Appeal.**

Where more or less other important questions are raised in the record which can not arise on another trial, it is unnecessary to discuss them.

Appeal from the District Court of Van Zandt. Tried below before the Hon. R. M. Smith.

Appeal from a conviction of murder; penalty, thirty years imprisonment in the penitentiary.

The opinion states the case.

*Wynne, Wynne & Gilmore,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, Judge.—Appellant was convicted of murder, and his punishment assessed at thirty years in the penitentiary.

This cause was formerly before this court on appeal from the de-

cision of the lower court denying bail, and this court affirmed it. It is reported in 80 Texas Crim. Rep., 114, 188 S. W. Rep., 983.

Appellant made a motion for a change of venue on both grounds authorized by the statute. (Art. 628, C. C. P.) His brother and two of his warm personal friends were his compurgators. The State contested his application by the affidavit of the district and county attorneys. The contest was based, as shown by their affidavits, upon an attack of the means of knowledge of said compurgators. This was expressly authorized by the statute. (Art. 633, C. C. P.) It applied to both grounds of his motion. This contesting affidavit did not attack the credibility of appellant's compurgators. This was unnecessary under the plain provisions of the statute, as the contest which was filed applied to both grounds of his motion. Lemmons v. State, 59 Texas Crim. Rep., 299, and authorities therein cited; Smith v. State, 21 Texas Crim. App., 303, and authorities therein cited.

The court heard testimony on this matter. Appellant introduced some eighty-six witnesses who testified. Some two days, perhaps more, was consumed in hearing their testimony. It took at least 106 pages of typewritten matter in the record to record their testimony. It is, of course, out of the question to undertake to give this testimony in detail. It is unnecessary. From it the trial judge unquestionably was authorized to find, as he must have done, that this testimony showed that there was no mob or attempt at any time by any persons to mob appellant or in any way mistreat him because of his killing the deceased or for any other cause. It showed that Van Zandt County was a large county, rather densely populated; that there were a large number of towns scattered all over the county, perhaps thirty; that the largest of these towns had a population of about 2500, another 1500, one or two others some 600, and the others of less population; that there were about 7000 qualified jurors in the whole county. The killing occurred in the county seat, Canton, which had a population of only about 600 all told, men, women and children.

The whole of this testimony clearly authorized the court to believe and find, if it did not require him to find, that neither ground of appellant's motion was true. On the contrary, it clearly justified him to believe and find that there was nothing to prevent him from obtaining a fair and impartial trial in that county and from obtaining a qualified jury of fair and impartial jurors.

The settled rule is that unless it is clear that the trial court has abused his judicial discretion, his action in refusing a change of venue will not require a reversal. Tubb v. State, 55 Texas Crim. Rep., 606, 117 S. W. Rep., 858; Bohannon v. State, 14 Texas Crim. App., 271; Cox v. State, 8 Texas Crim. App., 254; Grissom v. State, 8 Texas Crim. App., 386; Clampett v. State, 9 Texas Crim. App., 27; Martin v. State, 21 Texas Crim. App., 1; Magee v. State, 14 Texas Crim. App., 366; Dupree v. State, 2 Texas Crim. App., 613; Noland v. State, 3 Texas Crim. App., 598; Grissom v. State, 4 Texas Crim. App., 374.

As said by this court, through Judge Ramsey, in the Tubb case, supra: "Of necessity in respect to a question of this kind much ought to be left to the discretion and sound judgment of the court trying the case, and in no case should the judgment of conviction be set aside on account of the action of the trial court in refusing a change of venue unless it is clear that such court has abused his discretion. This is the doctrine laid down in almost the precise terms above stated by Judge Hurt in the case of Gaines v. State, 37 S. W. Rep., 331," citing some of the cases cited above, and others. The court's action on this point shows no error.

It is unnecessary to give the testimony. It is sufficient to say that from the State's viewpoint it was amply sufficient to show that appellant was guilty of murder. It also raised the issue of self-defense, and perhaps also of self-defense because of threats. Perhaps it raised manslaughter. It also raised an issue of appellant provoking the difficulty at the time at which appellant killed the deceased. The court in his charge submitted all of these issues and in charges that are substantially correct, although appellant attacks some of them in some particulars.

It appears that deceased had in substance told that appellant was caught out a few nights before the killing with a woman, Mrs. Carpenter, under such circumstances as to show that he had had sexual intercourse with her on that occasion. Appellant had heard of deceased circulating this report and claims that he went to him to see him about it, and it was about this matter that the immediate killing occurred. The State proved by said woman that appellant was out with her a few nights before the killing and at that time did have sexual intercourse with her. Appellant objected to this testimony as irrelevant and immaterial and that it had nothing to do with the crime for which he was on trial. The court in qualifying appellant's bill on the subject states that it was the alleged circulation of this report by the deceased which led to the killing. This testimony was clearly admissible.

By his next bill, No. 6, he also for the same reasons objected to the testimony of Mr. Downing to the effect that on the evening before appellant met said woman and had the conduct with her as stated, appellant told the witness that he had an engagement with said woman to meet her, specifying the time and place, and invited him to come and be with them in their lascivious enjoyment and that he did go and meet the parties at the time and place that he had agreed. We think this testimony was also admissible, but that part of the testimony of this witness to the effect that he carried a bottle of whisky along with him and that the parties drank it and that he later on that same night had sexual intercourse with the woman, should not have been admitted. However, there was no specific objection to that, and the bill as presented would show no error, but as the case is to be reversed, we call

attention to this, so that that much of the witness's testimony, if objected to, should be excluded on another trial.

As stated, the testimony raised, and the court submitted the question of appellant's provoking the difficulty with the deceased with the intention of killing him or of doing him serious bodily injury. Appellant requested a special charge to the effect that if the jury believed that appellant had heard that the deceased had been talking about him and circulating a report on him, he had the right to seek the deceased for the purpose of talking the matter over with him, and if he believed his conversation with deceased was likely to bring on a difficulty and that he would be attacked by the deceased, then he had the right to arm himself for his own protection, "and if you so find, you will not consider the fact that the defendant went into the restaurant where the deceased was and began a conversation with him, deceased, and that defendant was armed at the time as a circumstance against the defendant." This charge was correctly refused; the latter part, just in quotation, is not the law, nor is it applicable to the question in this case. However, the law established by the decisions of this State is to the effect that when provoking a difficulty with the deceased is raised and the court submits that as a limitation of appellant's right of self-defense, it is then proper for the court to in effect tell the jury as in this case that if appellant had heard that deceased had been talking about him and circulating the said report, he, appellant, had the right to go to him for the purpose of talking the matter over with him, and if he believed that this might bring on a difficulty and cause deceased to attack him, he had the right to arm himself for his own protection and that so arming himself and talking to deceased about the matter, the fact that appellant had armed himself at the time would not of itself forfeit his right of self-defense. The question of his arming himself under the circumstances and seeking and talking to deceased was a matter for the jury to consider under a proper charge. The circumstance of his arming himself might be considered by the jury against him instead of for him, but that would be a matter of argument and for the jury to pass upon. On another trial the court should properly charge in substance as stated above.

The testimony in this case did not raise the issue of appellant's abandoning the difficulty with the deceased at the time of the killing. All that occurred between them after the appellant went to the restaurant where deceased was was the same transaction at the same time, and it all occurred in a very short space of time. The court did not err in not giving any charge on abandoning the difficulty. Wilson v. State, 71 Texas Crim. Rep., 404.

Appellant had Homer Dorrity to give material testimony in his behalf to the effect of a threat by deceased against appellant, which was communicated to appellant before the killing, as claimed by said witness. The State over appellant's objections, on cross-examination, was per-

mitted to ask this witness and require him to answer if on a particular occasion the sheriff did not try to arrest him and he ran, at which time the sheriff shot at him, and if on this occasion it was not about midnight when he was waiting around a certain man's house for an engagement with his daughter, impliedly for an ellicit relationship with her. While the rule is that considerable latitude is permitted on cross-examination to show the bias, prejudice, etc., of a witness, and for the purpose of impeachment that a witness has been formerly convicted of a felony or a misdemeanor involving moral turpitude when not too remote, yet the testimony elicited from this witness over appellant's objections was inadmissible.

It was also improper over appellant's objections to permit the State, in cross-examination of his witness Barnes, to prove, or attempt to prove, by him that he had been shot when caught stealing. This was an improper attempted impeachment of him. It was permissible to prove by him, if not too remote, that he had been prosecuted for theft, whether the charge against him was a felony or a misdemeanor, as theft involves moral turpitude.

Under the circumstances of this case, on another trial, if the county attorney testifies for the State about the prosecution which was begun against deceased and another by appellant for his claimed improper relationship with a prostitute and that the prosecution was dismissed, on cross-examination the appellant should be permitted to prove by the county attorney the ground on which he dismissed that prosecution.

There are more or less other important questions raised, but as they can not arise on another trial, it is unnecessary to discuss them.

This writer is of the opinion that none of the errors assigned herein are of sufficient importance to authorize or justify a reversal of the judgment herein, but his associates are of a different opinion, and this reversal is based on their opinion.

Reversed and remanded.

<em>Reversed and remanded.</em>