### CHARLES ASHER V. THE STATE.

No. 7688.    Delivered June 27, 1925.

Rehearing denied Nov. 4, 1925. ·

Second Rehearing Refused December 2, 1925.

**1.—Sale of Intoxicating Liquor—Change of Venue—Discretion of Court.**

Where a motion for a change of venue is supported by evidence of certain activities of the mayor and other citizens of Stephens County, to engender sentiment in favor of the law prohibiting the liquor traffic, but no evidence is presented pointing to any prejudice against the appellant or prejudgment of his case, no error is shown in refusing a change of venue. In the absence of an abuse of the discretion vested in the trial judge, the refusal to change the venue is not ground for a reversal on appeal. ·Following Parker v. State, 81 Tex. Crim. Rep. 397, and other cases cited.

**2.—Same—Bill of Exception—Must be Complete.**

Where complaint is made of the admission of testimony, but appellant's bill fails to negative conditions that would render the testimony admissible, we are unable to conclude that error is revealed. .The legal presumption is in favor of the correctness of the court's ruling. Following Moore v. State, 7 Tex. Crim. App. 20, and other cases cited. Also see Branch's Ann. Tex. P. C. Sec. 207, p. 132.

**3.—Same—Continued.**

A bill of exception complaining of the admission of evidence should be so explicit as to enable this court to determine from it whether it was properly received or not, and where, as in the present case, the evidence may have been admissible as res gestae, or impeaching, and the bill fails to reveal the contrary, the presumption in favor of the court's ruling must prevail. Following Eldridge v. State, 12 Tex. Crim. App. 208; Livar v. State, 26 Tex. Crim. App. 115.

**4.—Same—Continuance—Properly Overruled.**

Where, on a trial for the sale of intoxicating liquor, appellant moved for a continuance not on statutory grounds, but because as he averred the

sentiment in the county, was so strong against bootlegging, as to make improbable a fair trial. No evidence of any prejudice in the county against appellant was shown nor that the trial judge abused his discretion in overruling this motion.

#### 5.—Same—Jury—Challenge for Cause—Properly Overruled.

Where a challenge is directed to a juror on the ground that he had sat on a jury during the same term of court that convicted the defendant on trial for the same offense for which appellant was on trial, such challenge is properly overruled where the juror is able to say that he is without opinion, or prejudice against the defendant. And even jurors who convicted the accused upon another case, based on a different transaction and with different witnesses, have been held not subject to a legal challenge for cause. Following Bailey v. State, 56 Tex. Crim. Rep. 227 and other cases cited. Also see Branch's Ann. P. C., Sec. 558.

#### 6.—Same—Evidence—Objection Withdrawn—No Error.

Where objection is made to testimony and sustained by the court, and afterward such objection is withdrawn, there is no merit in a bill complaining of the exclusion of such evidence.

#### 7.—Same—Rule Invoked—Excusing From—Discretion of Court.

Where complaint is made that a witness for the State, who was a practicing attorney, assisting the State in the prosecution, was excused from the rule, which had been invoked by appellant, no error is shown. The matter of excusing a witness from the rule is within the discretion of the trial court. Following Bishop v. State, 81 Tex. Crim. Rep. 96.

#### 8.—Same—Charge of Court—Definition of Sale—Not Necessary.

Where the court instructed the jury that if appellant sold the whiskey to Savage, a sale was made, the charge was sufficient. The fact that Savage was using money furnished by Fulwiler in making the purchase, we think, would not require a charge defining sale or agency.

#### 9.—Same—Charge of Court—Impeaching Witness—Held Correct.

Where evidence that a witness had made contradictory statements out of court is shown, a charge that such statements cannot be considered as evidence of appellant's guilt, but as affecting the credibility of the witness, and that if the evidence left in the minds of the jury a reasonable doubt as to whether the bottle of liquor in question was sold by him to R. R. Savage, to acquit, was a correct presentation of law, and deemed adequate to protect the rights of appellant against any misuse of the testimony impeaching the witness Hedgespeth.

#### 10.—Same—Indictment—Allegation and Proof—Held, no Variance.

Where an indictment charged a sale of intoxicating liquor as being made to one person, named, the conviction will be sustained by proof that the sale was made to the person named, and another who is not named in the indictment. No variance is shown between the allegation in the indictment and the proof. Following Ryan v. State, 32 Texas Rep. 280; Parker v. State, 45 Tex. Crim. Rep. 334.

#### 11.—Same—Evidence—Impeaching Own Witness—When Permissible.

The State called as a witness one Hedgespeth, who denied any connection with the purchase of the whiskey from appellant, and also denied

the material facts sworn to by the main prosecuting witness, Savage. The State, having called Hedgespeth, it was not authorized to impeach him, by contradicting statements out of court, if his testimony went no further than to fail to support the State's case. See Branch's Ann. P. C., Sec. 164.

### 12.—Same—Continued.

The witness Hedgespeth admitted his presence upon the occasion described by Savage, and denied that any sale took place in his presence, or that he took part in any purchase, or that Savage bought any whiskey while the witness was present. It cannot under these circumstances be said that Hedgespeth's testimony was a mere failure to sustain the State's case. It goes much further, and his impeachment by contradictory statements relevant and germane to the particular matter under inquiry was permissible. Following Somerville v. State, 6 Tex. Crim. App. 433, and other cases cited. Also see Branch's Ann. Tex. P. C., Sec. 164.

### 13.—Same—Impeaching Witness—Error Harmless.

Where the State was permitted, as impeachment of witness Hedgespeth, to show that witness Fulwiler told he and Savage that he wanted them to go to Charley Asher's (the defendant) and buy some whiskey, and said that he knew they could get it if they tried. This testimony was hearsay and should not have been admitted, but the defendant having proven the same fact on his cross-examination of the witness Savage, appellant is not in a position to complain of its admission, and the error was harmless.

### 14.—Same—Misconduct of Jury—Not Established.

Where, in his motion for a new trial, appellant charges that the jury discussed appellant's failure to testify and attaches the affidavit of one juror to sustain his allegation. The State contested the averment by written pleadings, and the affidavits of two jurors. Appellant requested time to secure the presence of the remaining jurors, which was denied by the court, on account of the near approach of the expiration of the term, that would not admit of securing their presence before adjournment. In this procedure no error is shown. It was the privilege of the court to determine the controversy by affidavit, or oral testimony. Art. 841 C. C. P., Vernon's Tex. Crim. Stat. Vol. 2.

### ON REHEARING.

### 15.—Same—Indictment—Allegation and Proof—Variance Fatal.

On reconsideration, in the light of our holding by a majority of the court in the case of Brown v. State No. 7810 (in our opinion on second rehearing, this date) we are led to the conclusion that our original opinion on the question of variance between the allegations and proof was in error, and we here now adopt the rule as laid down in the Brown case.

### 16.—Same—Continued.

The conclusion thus reached was that the naming of the purchaser was descriptive of the offense, and an averment of a sale to one person would not be supported by proof of a joint sale to two or more; and vice versa. To hold otherwise would necessitate overruling the cases cited in the Brown case, (supra) and again listed here for convenience: Dixon v. State, 21 Tex. Crim. App. 517; 1 S. W. 445, and numerous cases cited in opinion on rehearing.

**17.—Same—Charge of Court—Erroneous—Not Reversible Error.**

The court having erroneously charged the jury on the count submitted, that they might convict appellant, if they believed beyond a reasonable doubt that he sold whiskey to Savage, or to Hedgespeth and Savage jointly. Under the testimony we think it unlikely that the erroneous charge would have led to the conviction of appellant for an offense not charged in the count of the indictment submitted, and under Art. 666, Rev. Stats. 1925 (formerly Art. 743) the error in the charge will be held harmless and the motion for a rehearing overruled.

**18.—Same—Second Motion for Rehearing—Application for Refused.**

In refusing appellant's motion for leave to file a second motion for rehearing, we wish to add to our opinion on the original motion for rehearing, that the evidence of a sale to Savage by appellant was conclusive. Hedgespeth denied any participation whatever in the purchase, and same being left doubtful by the testimony of Savage, we conclude that a charge that if the jury believes that a sale was made to Savage, or to both Savage and Hedgespeth, they should convict, was incapable of harm to appellant. We adhere to this view.

Appeal from the District Court of Stephens County. Tried below before the Hon. C. O. Hamblin, Judge.

Appeal from a conviction of the sale of intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*Burkett, Orr & McCarty,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Sale of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of two years.

Appellant and his wife were keepers of a hotel in the city of Breckenridge. The witness Savage testified that he purchased from the appellant some whiskey for which he paid him two dollars. Savage claims that Hedgespeth was present. According to his testimony, Savage and Hedgespeth had received marked money from the mayor of the city with which to buy whiskey. There was evidence that some of this marked money was later found in the possession of the appellant.

The record is voluminous. There are many bills of exception.

A motion to change the venue was made. This bill was not filed with the clerk until after the adjournment of the term of court. The verdict was returned on the 22nd day of October,

and the stenographer was immediately called upon for a statement of facts. This was completed on the 26th day of October and attached to the bill, which was presented to the district attorney on the 27th of that month. He declined to approve it for want of time in which to examine it. It was presented on the last day of the term, the 28th of October, to the trial judge for examination and approval. He declined to take immediate action, but later approved and filed it with the clerk. Appellant's counsel appears to have been diligent. An examination of the bill leads us to the conclusion that we are not warranted in holding that in refusing to change the venue the learned trial judge abused his discretion. The bill reveals certain activities of the mayor of the city in endeavoring to engender sentiment in favor of the enforcement of the law prohibiting the liquor traffic. A mass meeting was called and speeches were made. We fail to perceive anything, however, in the record which would point to prejudice against the appellant or a prejudgment of his case. In the absence of an abuse of the discretion vested in the trial judge, the refusal to change the venue is not ground for a reversal on appeal. Parker v. State, 81 Texas Crim. Rep. 397; Baker v. State, 87 Texas Crim. Rep. 213; Dodd v. State, 83 Texas Crim. Rep. 160; Carlisle v. State, 232 S. W. Rep. 822.

The witness Deason, according to his testimony, intercepted Savage and Hedgespeth after they left the place of the appellant, and took from Savage a pint of whiskey. Hedgespeth at the time stated that it had been obtained from Asher's place. The court overruled the objection made upon the ground that the testimony was hearsay. The bill fails to negative the presence of the appellant or to show the irrelevancy of the evidence; nor does it negative the theory that the testimony may have been proper under a predicate for the impeachment of the witness Hedgespeth. As the matter is presented, we are unable to conclude that that error is revealed. The legal presumption is in favor of the correctness of the court's ruling. Moore v. State, 7 Texas Crim. App. 20; Edgar v. State, 59 Texas Crim. Rep. 256; James v. State, 63 Texas Crim. Rep. 77; Branch's Ann. Tex. P. C., Sec. 207, p. 132. A bill complaining of the admission of evidence should be so explicit as to enable the court to determine from it whether it was properly received; and where, as in the present case, the evidence may have been admissible as res gestae or impeaching and the bill fails to reveal the contrary, the presumption in favor of the court's ruling must prevail. Eldridge v. State, 12 Texas Crim.

App. 208; Livar v. State, 26 Texas Crim. App. 115.

In Bill No. 4 is preserved the complaint of the refusal of the court to continue the case. The application is not based upon statutory grounds but upon alleged equitable grounds in that "public agitation of the practice of bootlegging and the activities of the Ku Klux Klan had created an atmosphere so unwholesome for those charged with the unlawful sale of intoxicating liquor as would make improbable a fair trial. Such an application must necessarily be left to the discretion of the trial court. In the present instance, the bill is so qualified as to strip it of any vitality. The court declined to verify the statement of facts contained in the bill, and refers this court to the entire statement of facts to show that there was no combination of influential persons against the accused; that he was practically unknown, and his case had been heard of by but few. We have observed no such evidence of prejudice against the appellant or his case as would authorize a decision by this court that in overruling the application the learned trial judge abused his discretion.

Bill No. 5 asserts that the panel from which the jury was drawn consisted of thirteen regularly-drawn jurymen and twelve talesmen; that twelve of the veniremen were residents of the city of Breckenridge in which there had been held a mass meeting, the nature of which is not revealed. The names of the talesmen selected are given and it was charged that they were in the main residents of the city of Breckenridge; that five members of the panel had attended the mass meeting mentioned; that twelve of the veniremen were challenged for cause upon the ground that they had attended the mass meeting and had also acted as jurors in the trial of another person for the same offense as that for which appellant was on trial at the same term of court, and found him guilty; that the challenge for cause being overruled, the appellant was compelled to challenge the jurors who were unfriendly and to accept six objectionable jurors, that is, jurors who had sat in the other case mentioned. The fact that a juror has sat in a similar case wherein the parties and the witnesses are different and who is able to declare to the satisfaction of the trial court that he is without opinion or prejudice in the present case is not disqualified by reason of his previous service. Bailey v. State, 56 Texas Crim. Rep. 227; Dunn v. State, 7 Texas Crim. App. 606; Irvine v. State, 55 Texas Crim. Rep. 349; Holmes v. State, 52 Texas Crim. Rep. 354; Grusendorf v. State, 56 S. W. Rep. 622, and other cases listed by Mr. Branch in his Ann. Tex. P. C., Sec. 558, subdivision 2. And even jurors who convicted the accused

upon another case based on a different transaction and with different witnesses have been held not a legal challenge for cause. Arnold v. State, 38 Texas Crim. Rep. 1; Edgar v. State, 59 Texas Crim. Rep. 255. While jurors might be disqualified by their having tried a similar case, the facts of the present one do not bring them within the rule. The case mentioned above, together with others cited by Mr. Branch in his Ann. Tex. P. C., Sec. 558, subdivisions 9 and 10, illustrate the distinction.

Bill No. 6 reveals that the witnesses Savage and Hedgespeth, a short time before the present transaction, were at the hotel belonging to the appellant in company with women not their wives; that the hotel was raided and the women arrested and fined, and the two witnesses mentioned released. The bill complains of the failure of the court to permit the proof by the witness that he was not fined. The stenographer's notes are attached by the court and show that objection was first made and then withdrawn to the question propounded seeking to elicit this information. There is no merit in the bill.  ·

In bill No. 7 it is the complaint· of the appellant that after the witness Savage had testified that he gave the appellant two one-dollar bills, that Hedgespeth took the bottle of liquor and handed it to Savage, who put it in his pocket; that two dollars was the price paid ̇for the liquor. The State, on redirect examination, asked the witness Savage this question: "In all, how much did you and Hedgespeth give Charlie Asher?" The witness replied: "Four dollars." The State had previously announced that it had elected to prosecute "for the sale of said bottle of liquor and not for any other sales." We confess our inability to discern from the recitals in the bill any vice in the ruling.

Bill No. 8 complains of the excusing of Mr. Fulwiller from the rule upon the ground that he was the chief prosecuting witness; that he, as mayor of the city, had, previous to the trial, called a law and order mass meeting; that the witnesses Savage and Hedgespeth had been instigated by Fulwiller to buy whiskey from the appellant. The bill, as qualified, discloses no certification of the facts stated in the bill other than that Mayor Fulwiller was excused from the rule because he was a practicing attorney before the Breckenridge bar and was permitted to assist in the prosecution upon the request of the district attorney. The State's witness Savage testified that with the money furnished him by Fulwiller he purchased from the appellant a bottle of whiskey and paid the price agreed

upon. Savage seems to have been in the main a witness for the State. In relaxing the rule with reference to the party named, the trial judge acted within his authority. The matter of releasing a witness from the rule is usually a matter within the discretion of the trial court. Bishop v. State, 81 Texas Crim. Rep. 96.

We fail to discern any reason for a charge upon the subject of agency; nor do we regard the transaction as one requiring a definition of the term "sale". The court instructed the jury that if appellant sold the whiskey to Savage a sale was made. The fact that Savage was using money furnished by Fulwiller in making the purchase, we think, would not require a charge defining sale or agency.

There were many circumstances introduced in evidence tending to discredit Hedgespeth. Among these were statements made out of court which were in conflict with his testimony given upon the trial. Several special charges were given upon this subject. In one of them the jury was told that the statements made by Hedgespeth could not be used as evidence of guilt and could be considered for no purpose except as to affect the credibility of the witness Hedgespeth. In another special charge the jury was told in substance that the State relied solely upon the averment that the appellant sold the pint bottle of intoxicating liquor which was offered in evidence to R. R. Savage, and if the evidence left in the minds of the jury a reasonable doubt as to whether the bottle of liquor in question was sold by the appellant to R. R. Savage, that an acquittal must follow. In this charge the jury was also instructed that they were not to consider as evidence of appellant's guilt any evidence of other transactions. These special charges and the court's main charge are deemed adequate to protect the rights of the appellant against any misuse of the testimony introduced to impeach the witness Hedgespeth.

Bill of exceptions No. 10, complaining of the failure of the court to give additional instructions upon the subject, is regarded as presenting no error.

The State called the witness Hedgespeth, who testified on direct examination that he had no transaction with Asher on September 26th; nor did Savage have a transaction in the presence of the witness; that he was at the Frisco Hotel on that date and that he did nothing and saw Savage do nothing; that he purchased no liquor and saw Savage purchase none; that they went from the city hall and in about thirty minutes were at the hotel; that he saw no marked money, nor the officers, Hickey, Thornton or Deason; that he did not state to

Deason that he had bought whiskey. He admitted that he had testified before the grand jury that he had bought whiskey from the appellant; that he had no recollection in detail what he did testify to; that he gave that testimony because the grand jury had threatened to put him in jail; that he did not have any whiskey when he went to the appellant's place, and did not know whether Savage had any; that he did not see Deason take any whiskey from Savage and did not tell Deason that the whiskey was gotten from the appellant. He said that Fulwiller did not tell him to go to the appellant's place and buy whiskey.

There were three counts in the indictment. The first charged the sale of whiskey to R. R. Savage and H. E. Hedgespeth; the second count charged the sale of whiskey by appellant to H. E. Hedgespeth, and the third count charged the sale of whiskey to R. R. Savage. The court instructed the jury that the first and second counts were withdrawn, and that they would regard only the third count, which charged the sale to Savage.

The court instructed the jury in substance that if the evidence showed beyond a reasonable doubt that the sale of the intoxicating liquor was made to Roy Savage or to Roy Savage and H. E. Hedgespeth jointly, that the averment in the indictment charging the sale to Savage would be satisfied. This is attacked upon the ground of variance, the point made, in substance, being that the Statute, Art. 464, C. C. P., required that in the indictment for the present offense, the name of the purchaser shall be given. The court in the indictment under which the conviction was made charged the sale to Savage. There was evidence sufficient to sustain that averment, though there was evidence to the effect that Hedgespeth was present and that the bottle of whiskey was sold to the two. In Cyc. of Law & Proc., Vol. 23, p. 260, the announcement is made that where the indictment charges the sale of intoxicating liquor to one person named, the conviction will be sustained by proof that the sale was made to the person named and another who is not named in the indictment. This seems to be supported by the decision of the Supreme Court of this State in the case of Ryan v. State, 32 Texas Reports, 280; Parker v. State, 45 Texas Crim. Rep. 334.

The witness Hedgespeth, called by the State, testified that he and Savage went to the appellant's place of business, but that neither bought any whiskey; that neither, with his knowledge, delivered any money to the appellant. The State sought to impeach him after predicate by proving by Fulwiller that he

had given Hedgespeth and Savage money and told them that they could buy whiskey from the appellant and requested them to do so. It was proved by Deason that he had searched Hedgespeth and Savage and found a pint of whiskey in the possession of Savage; that Hedgespeth said they had gotten it from the appellant. The State also proved, for impeaching purposes, that Hedgespeth had gone before the grand jury and testified, admitting in his testimony that he and Savage had gotten whiskey from the appellant. The right to impeach Hedgespeth by contradictory statements is challenged upon the ground that he was the State's own witness. The State having called Hedgespeth, it was not authorized to impeach him by contradictory statements out of court, if his testimony went no further than to fail to sustain the State's case. Branch's Ann. Tex. P. C., Sec. 164. In the present case, the State's witness, Savage, testified in substance that he and Hedgespeth had both participated in buying liquor; that both handed marked money to the appellant; that Hedgespeth received whiskey from the appellant and handed it to Savage. Hedgespeth, admitting his presence upon the occasion described by Savage, denied that any sale had taken place in his presence or that he took part in any sale, or that Savage bought any whiskey while the witness was present. It cannot, under these circumstances, be said that Hedgespeth's testimony was a mere failure to sustain the State's case. It goes further in that he testified to facts inconsistent with and contradictory of the State's case. Under such circumstances, his impeachment by contradictory statements relevant and germane to the particular matter under inquiry, was permissible. Somerville v. State, 6 Texas Crim. App. 433; Baum v. State, 60 Texas Crim. Rep. 638; Branch's Ann. Tex. P. C., Sec. 164, subdivision 4; Bryan v. State, 260 S. W. Rep. 846. Under this rule, apparently, the declaration imputed to Hedgespeth by the witness Deason, to the effect that soon after the alleged occurrence, while Savage and Hedgespeth were together, Deason took from Savage a bottle of whiskey, and Hedgespeth declared that it was obtained from the appellant, was permissible for the purpose of impeachment but not as original testimony. A predicate for its introduction was laid, and it was limited by the court for impeaching purposes. It is believed, however, that the impeaching testimony given by the witness Fulwiller was upon a different footing. We quote from the witness' testimony:

"I told the boys (Hedgespeth and Savage) that I wanted them to go to Charlie Asher's and buy some whiskey; I said I knew they could get it if they tried."

Hedgespeth denied this statement. There was a predicate laid for proof of this testimony by the introduction of his denial. This seems, however, to have gotten into the case by hearsay opinion or knowledge of Fulwiler expressed to Hedgespeth that whiskey could be bought from the appellant. In the introduction of this item of evidence, the State went beyond the permitted limits in impeaching its own witnesses. Hedgespeth testified, as above stated, that he did not buy the whiskey, and that he did not see Savage buy it. This left the impression upon the jury that whiskey was not purchased as the State claimed. His statement to Deason that it was purchased from the appellant was germane and pertinent to the affirmative testimony given by him. The other statement, however, was not so; and its receipt, in our opinion, might have been error had it not been for the fact that the same fact was proved as original testimony by the appellant in his cross-examination of the witness Savage. The State did not open the question. The appellant having made the proof, he is not in a position to demand a reversal of the judgment because the State did likewise. Wagner v. State, 53 Texas Crim. Rep. 306.

Appellant attached to his motion for new trial the affidavit of one of the jurors to the effect that before the jury reached the verdict, and while the other eleven stood for a conviction and he stood for an acquittal, there was a discussion of the failure of the appellant to testify. The truth of this averment is controverted by written pleadings, accompanied by the affidavits of two jurors, in substance, to the effect that Smith's opposition to a conviction was overcome by having, under the direction of the court, the stenographer read the testimony of Mrs. Asher, appellant's wife, and that such references as were made to the failure of the appellant to testify were but casual and were immediately stopped by the foreman and other jurors. In connection with the motion, appellant sought to have the other jurors examined. This the court declined to do upon the ground, reciting in effect that the verdict was rendered on the 22nd of October; that the amended motion for new trial setting up the misconduct of the jury and attaching Smith's affidavit was filed on the 27th of that month; that the last day of the court was on the 28th; that the court was exceedingly busy with motions incident to closing a two-months' term; that owing to the locality in which the other jurors were situated and scattered throughout the country, it was impracticable to bring them before the court during the term; that the affidavit of Smith being controverted, the diligence of the appellant to subpoena or cause the attendance of

the other jurors at an earlier date rendered it practically impossible to comply with his request. It was the privilege of the court to determine the controversy by affidavit or oral testimony (Art. 841, C. C. P. Vernon's Tex. Crim. Stat., Vol. 2, p. 808), and the present record reveals no abuse of such privilege.

The thirty-sixth subdivision of the appellant's motion for new trial contains some averments touching an alleged demonstration at the Baptist Church in the city of Breckenridge after the verdict in this case was returned, and stated that the judge trying the case could verify the correctness of the averment. The bill of exceptions complains of the refusal or failure of the judge to give testimony. In qualifying the bill, the judge said that he could have given no testimony on the subject; that he was not present and had no information touching the announcement or demonstration to which the reference was made. The relevancy of the matters set up in the subdivision is not perceived.

Aside from the briefs, this case is presented by a transcript and statement of facts embracing more than 400 pages of typewritten matter. It has been given the most careful attention of which we are capable. Considering the nature of the case, both the record and the opinion are unusually long. All the matters presented have been considered, but space forbids their discussion in detail. We have reached the conclusion that the evidence is sufficient to sustain the conviction, and that no ruling or action of the court is brought up for review which authorizes a reversal of the judgment. It is therefore affirmed.

I entertain serious doubt as to the soundness of the announcement that under a count in the indictment charging a sale to Savage alone an instruction was proper which authorized a conviction upon proof of a joint sale to Savage and Hedgespeth.

### ON REHEARING.

HAWKINS, JUDGE.—There were three counts in the indictment. The first charged a joint sale of the whiskey to Savage and Hedgespeth; the second charged a sale to Hedgespeth alone; and the third charged a sale to Savage alone. The court eliminated the first and second counts, submitting only the third, charging the sale to have been made to Savage. In connection with this he instructed the jury in substance that if the evidence showed beyond a reasonable doubt that the sale was made to Savage, or to Hedgespeth and Savage jointly, that the averment in the indictment charging the sale to Savage

would be satisfied. Our original opinion holding such instruction not to have been erroneous is attacked as being out of harmony with former decisions of this court. An investigation of this same question in Brown v. State (No. 7810, opinion on Second Motion for Rehearing this date) leads us to the conclusion that we were in error in our former opinion, and that the instruction complained of should not have been given. Many of the former decisions of this court are reviewed in Brown's case (supra), and it is unnecessary to do so again. The conclusion there reached was that the naming of the purchaser was descriptive of the offense, and an averment of a sale to one would not be supported by proof of a joint sale to two or more, and vice versa. To hold otherwise would necessitate overruling the cases cited in Brown v. State (supra) and again listed here for convenience. Dixon v. State, 21 Tex. Cr. App. 517, 1 S. W. 448; O'Shennessy v. State, 49 Tex. Cr. R. 600, 96 S. W. 790; Price v. State, 83 Tex. Cr. R. 332, 202 S. W. 948; Ellington v. State, 86 S. W. 330; Sessions v. State, 98 S. W. 243; Bruce v. State, 44 S. W. 852; Yakel v. State, 30 Tex. Cr. App. 391, 17 S. W. 943; Arnold v. State, 47 Tex. Cr. R. 556; Tippet v. State, 53 Tex. Cr. R. 180; Westbrook v. State, 88 Tex. Cr. R. 223, 225 S. W. 750.

However, we have reached the further conclusion that under the facts of this case while the charge complained of was erroneous, it does not demand a reversal, and in this respect is similar to the case of Price v. State (supra). The facts are that the money for the purchase of the whiskey was furnished by Fulwiller, and given by him to Savage. According to Savage, Hedgespeth refused to take any of the money. Savage testified that he purchased the whiskey, and that Hedgespeth was with him; that at this time he handed Hedgespeth two dollars which the latter handed to appellant, and that he (Savage) handed appellant two dollars also; that appellant handed the whiskey to witness (Savage), or handed it to Hedgespeth, who immediately handed it to witness (Savage) and that he put it in his pocket. The whiskey was found in possession of Savage. The money furnished by Fulwiller was marked. The purpose of Savage was to get evidence against appellant rather than to acquire the whiskey. Hedgespeth was also called as a witness by the State. Instead of supporting Savage he denied having any transaction either with appellant or Savage. He admitted his presence with Savage at the place of the alleged purchase but denied the purchase of any whiskey himself or seeing Savage buy any. According to

the evidence, Savage alone received the money from Fulwiller, was the latter's agent and the chief actor in acquiring the whiskey. Under the testimony we think it unlikely that the erroneous charge would have led to the conviction of appellant for an offense not charged in the count of the indictment submitted. Believing the erroneous charge not calculated to have injured appellant it will be held harmless under the provisions of Article 666 C. C. P. (Formerly Article 743). We consider that the motion for rehearing should be overruled.

Judge Lattimore concurs in the disposition made of the motion, but dissents from the holding that the charge complained of was erroneous, for the reasons given in his dissenting opinion in Brown v. State (No. 7810), not yet reported.

The motion for rehearing is overruled.

*Overruled.*

### ON APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In refusing appellant's request for leave to file second motion for rehearing, we make the following additional observations to what we said in our opinion on the original motion for rehearing:

The count on which conviction was had charged a sale of intoxicating liquor to Savage alone. The evidence supported such allegation. Marked money was given to Savage alone with which to purchase whiskey. He carried it to appellant's place, one Hedgespeth accompanying him. After negotiating for the whiskey and when it was delivered Savage says that, if he be not mistaken, he handed Hedgespeth two dollars of said marked money and that each of them then handed two dollars to the appellant who delivered the single bottle of whiskey purchased to Savage, who further testified: "When I bought the liquor, I put it in my pocket." Both Savage and Hedgespeth testified for the State, the latter denying having had anything to do with the transaction either in the way of paying money to appellant or negotiating for or receiving any whiskey. The weight of the testimony thus showed a sale to Savage. The record so showing, and the fact of Hedgespeth's participation in the transaction being denied by him, and same being left doubtful by the testimony of Savage, we concluded that a charge that if the jury believe a sale was made to Savage, or to both Savage and Hedgespeth, they should convict— was incapable of harm to appellant. We adhere to this view.

In discussing appellant's complaint in bill of exceptions No. 18 of the reception of certain impeaching statements by witness Fulwiller, in our original opinion we inadvertently used the name of witness Savage where we should have used the name of witness Hedgespeth. The cross-examination of this latter witness showed that he then testified that he had told Fulwiller of his purchase of whiskey from appellant prior to the instant occurrence.

Leave to file second motion for rehearing is denied.