### J. B. NELSON V. THE STATE.

No. 11065.    Delivered October 26, 1927.

**1.—Sale of Intoxicating Liquor—Evidence—No Variance.**

Where the indictment charged a sale of intoxicating liquor to Bob Crump and the evidence established a sale to H. L. Johnson and Bob Crump jointly, there was no variance, and same was sufficient to support the conviction. Distinguishing Elliott v. State, 277 S. W. 141; Asher v. State, 277 S. W. 1099, and Brown v. State, 276 S. W. 908.

**2.—Same—Charge of Court—On Suspended Sentence Law—Not Improper.**

Where the court charged the jury that they should bear in mind that it was wholly discretionary with them as to whether they would recommend a suspension of the sentence, and that it was obligatory on the court to

suspend the sentence if the jury made the recommendation. This instruction follows the statute governing the suspension of a sentence, and was not improper.

Appeal from Lubbock County. Tried below before the Hon. Charles Clements, in exchange with Hon. Clark M. Mullican, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Vickers, Campbell & Schenck* of Lubbock, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MARTIN, JUDGE.—The offense is the sale of spirituous, vinous and malt liquors containing in excess of one per cent of alcohol by volume, the punishment confinement in the penitentiary for one year.

Appellant contends that the state's evidence shows a joint sale of intoxicating liquor to Bob Crump and H. L. Johnson, sheriff, and that this proof does not support the allegation in the indictment that the sale was made to a single purchaser, namely, Bob Crump. We unable to agree with appellant that his position is tenable.

The state's testimony, in substance, was this: Bob Crump, deputy sheriff, went to the hotel where appellant was employed and asked appellant if he had any whiskey. Spencer Miles, commonly called Blackwax, was present at the time the conversation was had with appellant. Miles told appellant that it was all right—to get the whiskey, if he had any. Apellant went upstairs and came back shortly with a pint of whiskey. Crump paid appellant three dollars for the whiskey and appellant delivered the whiskey to him. Crump took the whiskey to the sheriff's office and delivered it to Vernice Ford, deputy sheriff. Before making the purchase of the whiskey, Crump had been to the sheriff's office and had gone to the hotel under the sheriff's instructions. He testified that he didn't remember whether the sheriff gave him any money with which to purchase the whiskey; that part of the money he paid for the whiskey was his own money and that some of the money was furnished him; that he bought the whiskey and turned it over to the sheriff; and that

he still had some money in it. The sheriff was not present at the time of the purchase of the whiskey.

Appellant relies on the cases of Elliott v. State, 277 S. W. 141, and Asher v. State, 277 S. W. 1099, to support his contention. In those cases, and in the case of Brown v. State, 276 S. W. 908, this court held that the name of the purchaser in an indictment charging the sale of intoxicating liquor is descriptive of the offense, and that an averment of a sale to one is not supported by proof of a sale to two or more, and vice versa. . The facts of the instant case easily distinguish it from the cases relied upon by appellant. Here we have appellant and one person consummating the transaction, whereby appellant delivered whiskey to one person and received from that person the purchase price of the whiskey, whereas in the cases cited by appellant the court was concerned with facts showing the presence and active participation in the transaction of more than one purchaser at the time of the sale. In the Asher case, supra, the facts showed that the purchaser of the whiskey had received marked money from another person, which he used in purchasing the whiskey, his purpose being to detect illicit sales of liquor. This court sustained the action of the trial court in that case, in refusing to recognize in his charge that the purchaser was the agent of the person furnishing the money, and said that the evidence showed a sale to the party to whom the accused delivered the whiskey. In the present case the record shows that appellant was not aware of any interest the sheriff might have had in the purchase of the liquor. He knew in the transaction only the person named in the indictment as the purchaser. As disclosed by the record, the proof supported the averment in the indictment of a sale to one.

We are unable to sustain appellant's contention that the court committed prejudicial error in that portion of the charge wherein the jury were instructed that they should bear in mind that it was wholly discretionary with the jury as to whether they would recommend a suspension of the sentence, and that it was obligatory on the court to suspend the sentence if the jury made the recommendation. The instruction is not more inclusive than the provisions of the statute governing the suspension of sentence.

Appellant complains of the action of the court in permitting the state, over his objection, to offer in evidence the whiskey shown by the state's testimony to have been purchased from him. We can perceive no error in the action of the court. The

whiskey was identified by the state's witnesses as the whiskey purchased from appellant. Norton v. State, 277 S. W. 141.

We have not undertaken to discuss in detail other matters complained of by appellant as error, but have carefully considered them and find no reversible error.

The judgment is affirmed.                    *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.