## W. E. BYARS V. STATE.

No. 24535. January 11, 1950.

*Wm. J. Bragg*, of Memphis, and *Blair & Randle*, of Austin, (on appeal only) for appellant.

*C. Land*, County Attorney, *Memphis*, and *George P. Blackburn*, State's Attorney, Austin, for the state.

ON STATE'S MOTION FOR REHEARING.

DAVIDSON, Judge.

The opinion delivered herein on December 7, 1949, is withdrawn and the following is substituted in lieu thereof.

The conviction was under an information charging that appellant knowingly sold to Lane Spear "a medicinal alcoholic product, to-wit: Wine, known as Vitamine B. Wine, for beverage purposes . . . . . . . . under circumstances from which the said W. W. Byars might reasonably deduce the intention of the said Lane Spear to use said product for beverage purposes." The punishment was assessed at a fine of $200.

The information charged a violation of Art. 666-15, Sec. (10), Vernon's P. C., as it existed prior to the amendment of 1949, Art. 666-15, Sec. (11), Vernon's P. C.

The sufficiency of the evidence to support the conviction is challenged.

The alleged purchaser testified as follows:

"I was acquainted with Mr. Byars and I knew him a long time and I knew where his place of business was, and I went into his place of business on the day we got to town on Feb. 2, 1949 and I bought a bottle of vitamin from him and paid $1.50 for it and as Mr. Byars was busy I laid the money down on the counter and picked up the bottle and took it back to his toilet and took a drink out of it, and I bought it for intoxicating purposes. The bottle, label and contents shown me for examination and introduced in evidence is the same bottle, label and contents that I bought while in Mr. Byars place of business and took it to the back of his toilet and I took a drink out of it. I did not tell Mr. Byars that I wanted to drink the vitamin."

The foregoing is all the testimony relative to the purchase.

In order to convict, under the statute mentioned and also under the allegation of the information the State is under the burden of showing that the product was sold by appellant with the knowledge that it was to be used for beverage purposes or under circumstances from which it might reasonably be deduced that it was to be used by the purchaser for that purpose. Wilkinson v. State, 150 Tex. Cr. R. 274, 200 S. W. 2d 631.

Whether such allegation and proof are now necessary, under Art. 666-15, Sec. (11), Vernon's P. C. passed in 1949 as an amendment to Art. 666-15, Sec. (10), Vernon's P. C., is not now before us and is not decided.

The state's testimony shows only that Spear went into appellant's place of business, bought a bottle of the medicinal

alcoholic product, carried it to the toilet in the store, and took a drink. There is an absence of any testimony that appellant knew the purchaser was going to drink or that he did drink the product. The purchaser did not advise the appellant that he wanted to drink the product. The circumstances attending the purchase and sale were not shown to be other than those prevalent in the usual course of the business conducted by appellant.

The conclusion is reached that the state's testimony fails to meet the burden cast upon it, as above mentioned.

The offense denounced by the statute is statewide. It was not necessary, therefore, to allege or prove that the sale occurred in a dry area, as that term is used in the liquor control act.

Because the facts do not support the conviction, the judgment is reversed and the cause is remanded.

The state's motion for rehearing is overruled.

Opinion approved by the court.