## W. H. McDONALD v. STATE

No. 27,012.   May 26, 1954

182

*Crunk & Morgan,* by *W. H. Crunk,* and *L. D. Hartwell,* Greenville, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the unlawful sale of flavoring extract for beverage purposes, knowing that the purchaser intended to use the same for beverage purposes, as denounced by Article 666-12, Section (11), V.A.P.C.; the punishment, a fine of $200.00.

We are met at the outset with a motion to quash the information because the same failed to charge a violation of the law.

Omitting the formal parts, the information reads as follows:

". . . one W. H. McDonald did then and there unlawfully and knowingly sell to Delbert H. Person a flavoring extract, to-wit, vanilla extract, for beverage purposes, and the said W. H. McDonald then and there at the time of said sale well knew that the said Delbert H. Person, purchaser as aforesaid, intended to use said product for beverage purposes. . . ."

The sale of flavoring extracts for beverage purposes becomes unlawful only where they contain alcohol.

Since this information did not charge that the vanilla extract contained alcohol, it charged no offense and the motion to quash should have been sustained.

Attention is directed to the form of the informations heretofore approved by this court.

In Weltig v. State, 153 Texas Cr. Rep. 168, 217 S.W. 2d 1022, the information alleged:

" . . . the said A. A. Weltig did then and there unlawfully and knowingly sell to W. E. Russell, a toilet alcoholic preparation, to-wit, bay rum, for beverage purposes, and the said A. A. Weltig then and there at the time of said sale well knew that the said W. E. Russell intended to use said product for beverage purposes. . . . "

In Byars v. State, 154 Texas Cr. Rep. 119, 225 S.W. 2d 835, the information alleged:

" . . . a medicinal alcoholic product, to-wit: Wine, known as Vitamine B. Wine, for beverage purposes . . . under circumstances from which the said W. W. Byars might reasonably deduce the intention of the said Lane Spear to use said product for beverage purposes."

For the benefit of the prosecution in the event of another trial and for the information of officers generally, we call attention to our recent holding in Powdrill v. State, 159 Texas Cr. Rep. 618, 266 S.W. 2d 879. When an officer comes into possession of an object which he intends to later produce in evidence, he should mark it for identification. He may write thereon the date, the name of the person from whom the object was taken, and his name or initials; but any other recitations which the officer might write upon the object are hearsay and, if admitted before the jury, might work a reversal of the cause.

The judgment is reversed, and the prosecution is dismissed.