## W. W. BYARS V. STATE.

No. 24672. March 1, 1950.
State's Motion for Rehearing Denied (Without
Written Opinion) April 19, 1950.

*W. J. Bragg,* Memphis, and *Blair & Randle,* Austin, for appellant.

*C. Land,* County Attorney, Memphis, and *George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was charged by complaint with the possession of wine for the purpose of sale in Hall County, a dry area, and assessed a fine by the jury of $150.00.

Appellant seems to confuse the statute under which this prosecution was filed. He is not herein charged with the sale of, nor possession for the purpose of sale, of a medicinal alcoholic product for beverage purposes, which was the case in the recently decided case of Byars v. State, 154 Tex. Cr. R. 119, 225 S. W. (2d) 835, in which we held that it was necessary to allege and prove that such was "knowingly done", such act being vio-

lation of a statewide statute (Art. 666-15 (10) Vernon's Ann. Tex. P. C., which requires that the sale of such medicinal products for beverage purposes be knowingly done. However, the word "knowingly" has been omitted from such statute in the amendment to Art. 666-15 (10) supra, which was passed by the 51st Legislature, Acts 1949, p. 1011, now Art. 666-15 (15), which was approved on July 7, 1949, and took effect 90 days thereafter. Not so, however, in the present case. Appellant is charged with a violation of the liquor law of Hall County, adopted by a vote of the people, which is herein pleaded and proven.

It appears that the sheriff armed himself with a search warrant empowering him to search the premises of appellant for intoxicating liquors. It also appears that this warrant, together with the affidavit upon which it was based, was offered and read to the jury. This should not have been done. In order to justify the search, such warrant could have been read to the trial court outside of the presence of the jury, but should not have been read to them, it containing many hearsay statements. See Scott v. State, 150 Tex. Cr. R. 536, 202 S. W. (2d) 945; Sheffield v. State, 118 Tex. Cr. R. 329, 37 S. W. (2d) 1038, and cases cited.

We think the search warrant could have been left out of the transaction altogether. The sheriff was possessed of a warrant of arrest. The right to arrest carries with it the right to search. Appellant was running a public place called the Drug Store Bus Stop. He sold clothing and other things. In executing his warrant, the sheriff entered the store and there saw bottles of Vitamin B Wine sitting on a shelf exposed for sale, and about five cases thereof in sight. It was wine, a poor grade of wine, so the witnesses testified. Under the search warrant and permission of appellant, they searched a further building and found another case of this same wine. Wine is a liquor containing alcohol in excess of four per centum by weight, and proof that an alcoholic beverage is "wine" shall be prima facie evidence that the same is liquor as defined in the law, Art. 666-3a, Vernon's Ann. P. C.

On account of the introduction of the search warrant and affidavit before the jury, this judgment is reversed and the cause remanded.

Hawkins, P. J., absent.